KNOX, administrator, *et al. v.* LAIRD *et al.*

KNOX, administrator, *v.* LAIRD *et al.*

BLACK *v.* KNOX, administrator, *et al.*

1. Though an action at law for the recovery of land was brought against the sole defendant therein in due time, an equitable amendment to the declaration seeking to introduce a new defendant for the purpose of setting aside conveyances in the chain of title of the original defendant on the ground of fraud, is barred by the statute of limitations, as to such new defendant, more than ten years having elapsed since the commission of the fraud complained of and since all the disabilities of the plaintiffs to sue therefor were removed by the arrival at majority of the youngest, no concealment of the fraud being alleged, nor any reason assigned why, if unknown to the plaintiffs or any of them, it was not discovered and suit therefor brought within the ordinary statutory period applicable to such cases. The filing of the amendment was the commencement of the action as to the new defendant.
2. The amendment showing upon its face that it was barred, both with reference to setting aside the alleged fraudulent deeds and with reference to the alternative money relief prayed for, and the bar having been insisted upon by way of objection to making the new defendant, as administrator of the deceased wrong-doer, a party, the order making him a party was erroneous. Let that order, as to him, and all subsequent orders and judgments dependent thereon, be vacated and set aside so far as he is concerned.

3. The court having improperly made the administrator a party to the cause, and that judgment containing reversible error and being afterwards reversed, there was no necessity for a second bill of exceptions in the same case assigning as error the refusal of a new trial, the legal effect of reversing the judgment on the first bill being to set aside the verdict against the administrator.

4. Error in rejecting evidence is no cause for a new trial at the instance of a plaintiff in a case in which a plea of the statute of limitations has been filed and relied on, and it affirmatively appears that the plaintiff's cause of action is barred.

5. A devisee under a will cannot ratify in part and repudiate in part an alleged illegal sale of land by the executrix. The plaintiff in error having, in an amendment to her declaration, the same being a solemn admission *in judicio,* ratified in part the sale complained of, by consenting to the appropriation made by the executrix of a portion of the proceeds thereof, thus abandoned whatever right she may have had, if any, to set the sale aside. June 5, 1893.

Action to recover land. Before Judge R. H. CLARK. Rockdale superior court. September term, 1892.

In addition to the facts appearing in the report of *Blake* v. *Black et al.,* 84 *Ga.* 392, it is only necessary to add, that after a new trial had been granted by this court, the plaintiffs amended their action for the recovery of the land by making Mrs. Mary Jane Bailey, the executrix of C. W. Bailey deceased, and Knox, the administrator of D. N. Baker deceased, parties defendant, alleging numerous facts and praying for the cancellation of the several deeds by which the title had passed from the executrix through Baker into Blake, and that the plaintiffs might recover their proportion of the land with rents, or if this could not be done, that Knox as administrator, and Mrs. Bailey (the executrix), might be decreed to account to them for an alleged balance which the estate of Baker still owed the executrix for the land, and which Baker, in his lifetime, had settled by fraudulently inducing Mrs. Bailey to accept as part payment for the land certain demands which he pretended were justly due him from the estate of C. W.

Bailey, but upon which, in point of fact, this estate was in no way liable. In one of the amendments it was admitted that the sum of $850.00, paid to Mrs. Bailey by Baker, was properly invested in land by the executrix, and to that extent the sale to Baker and the investment mentioned should be allowed. There were three amendments to the declaration, but the above sets forth so much of their contents as is material to a proper understanding of the disposition now made of this litigation. None of the amendments were filed until after the lapse of more than ten years from the time the youngest child of C. W. Bailey became of age. Knox objected to being made a party, on numerous grounds, one of which was, that the amendment which sought to make him a defendant to the suit showed upon its face that any cause of action therein attempted to be set forth was, as to him, barred by the statute of limitations. To an order making him a party notwithstanding his objections, he tendered a bill of exceptions *pendente lite*, which the presiding judge refused to sign. In a bill of exceptions subsequently sued out by Knox and Blake and brought to this court, such refusal was assigned as error, and in the same bill of exceptions error was also assigned upon the granting of the order making Knox a party defendant to the case. By one of the above mentioned amendments, the names of some of the original plaintiffs had been stricken from the declaration. Upon the trial, the jury found in favor of Blake as to the land, and for all the remaining plaintiffs, except Mrs. Black, four ninths of $900.00, with interest from November, 1872, as against Knox, administrator. Knox filed a motion for a new trial, which was overruled, and he thereupon filed a second bill of exceptions assigning as error this action by the court. Mrs. Black moved for a new trial on one ground alone, which related to the rejection of certain evidence, and to the overruling of

this motion she filed a separate bill of exceptions. The cases thus made by the three bills of exceptions mentioned were argued and considered together in this court.

G. W. GLEATON, A. C. McCALLA and J. H. FELKER, for Knox et al. A. M. SPEER and J. N. GLENN, contra.

LUMPKIN, Justice, (after stating the foregoing facts.)

1. The plaintiffs manifestly sought by amendment to convert an action at law for the recovery of land into an equitable proceeding to cancel deeds which stood in the way of their recovery, with an alternative prayer for a money judgment against two persons who were not parties to the original suit, but whom they sought to make parties by amendment. The original action against Blake was certainly brought in time to recover the land, if the plaintiffs had been able to show a right to recovery as against him. In order to cancel the deeds constituting the chain of title from Mrs. Bailey, through Baker, to Blake, there can be no doubt that Mrs. Bailey and Knox would be necessary parties to the action. But the effort to make them parties defendant was not made until after the lapse of more than ten years from the arrival at majority of the youngest of C. W. Bailey's children; and we therefore entertain no doubt that any cause of action which the plaintiffs may have had against them is barred by the statute of limitations. It is probable that such cause of action would have been barred after the lapse of seven years from the time when the right of action accrued, and is certainly barred in ten years. There was no allegation that the fraud complained of had been concealed, or why, if unknown to the plaintiffs or any of them, it had not been discovered; nor does anything in the pleadings even tend to negative the proposition that by the exercise of the slightest diligence they might have discovered the fraud, if any existed, at the time it was perpetrated, or soon there-

after. *Lane* v. *Lane*, 87 *Ga.* 268. It was insisted, however, that when the amendments were filed and allowed, they related back to the beginning of the action, and that therefore the statute of limitations did not apply. There are doubtless cases holding that an amendment to a declaration relates back to the beginning of the suit, but in all of them the defendants thereby affected were parties from the beginning. We apprehend that no case can be found where this rule is made applicable to a defendant who is made so for the first time by the amendment in question. As to such a defendant, the filing of the amendment is undoubtedly the commencement of the action.

2. In the bill of exceptions *pendente lite*, referred to in the statement of facts prefaced to this opinion, error was assigned by Knox upon the overruling of his objections to one of the amendments, (1) that it was not germane to the original action; (2) that it set out a new and distinct cause of action; (3) that it made new parties; and (4) that it showed upon its face that the superior court of Rockdale county had no jurisdiction of him, he being a citizen of the county of Walton. It is unnecessary, however, to pass upon the merits of these objections. Granting, for argument's sake only, that the act of October 16th, 1885, conferring equity jurisdiction upon courts of common law, and the uniform procedure act of October 24, 1887, are applicable to cases pending at the time of their passage; that the amendments in question would, even under these acts, be allowable; that the court had jurisdiction of Knox, and that the verdict against him could be sustained even though there was no finding against Mrs. Bailey (the alleged co-conspirator of his intestate in defrauding the estate), the statute of limitations controls the case. It does not appear when Baker died, nor is there anything in the record showing that there was any suspension of

the operation of the statute. It was apparent on the face of the amendments offered that the cause of action, as against Knox, was irretrievably barred, both with reference to cancelling the alleged fraudulent deeds, and as to the alternative prayer for money relief; and this being so, it constituted a good legal reason why he should not be made a party. Having urged and insisted upon the bar of the statute as an objection to his being made a party, his objection should have been sustained. It being manifest that no recovery could be had against him, it was useless to protract the litigation by bringing him into the case. It follows as a consequence that the verdict and judgment against him should be vacated and set aside, and direction has been given accordingly.

3. The judgment against Knox having been reversed upon the first bill of exceptions sued out in this case by himself and Blake jointly, there is no occasion to consider or pass upon any of the questions presented by the second bill of exceptions brought to this court by Knox, assigning as error the overruling of a motion made by him for a new trial. Accordingly, this second writ of error is dismissed. *Jones et al.* v. *Hurst*, 91 *Ga.* 338, 17 S. E. Rep. 635.

4. It only remains to consider the motion for a new trial filed by Mrs. Black. In so far as any right she may have had to recover a money verdict against Knox is concerned, it has already been shown that her cause of action is hopelessly barred by the statute of limitations, even if so much of the amendments as prayed for such recovery could be allowed. It would therefore be useless to grant her a new trial as against Knox.

5. Nor is there any occasion for granting her a new trial as against Blake, for in one of the amendments to the declaration she expressly ratified, in part, the original sale of the land made by Mrs. Bailey, the executrix, and consented to the appropriation made by the latter

of at least a portion of the proceeds realized from that sale. It is a principle of law, too well settled to require discussion or citation of authority, that a devisee under a will cannot ratify in part, and in part repudiate, the alleged illegal sale of land by an executrix. In case such a sale should be set aside at all, the *status* of the parties existing before the sale was made would have to be restored, and this would be utterly impossible if a part of the transaction were allowed to stand. It is incumbent upon parties who have any reason to set aside a sale to repudiate it altogether. No other course is consistent or practicable. By her solemn admission *in judicio*, as expressed in one of the amendments referred to, Mrs. Black assented to the receipt by the executrix of $850.00 of Blake's money in part payment of the land sold to him, and to the reinvestment by the executrix of this sum in other lands. Mrs. Black thus conclusively and absolutely abandoned whatever right she may have had, if any, to set the sale aside. Having elected to ratify the sale and proceed against Knox for the balance of the purchase money alleged to be due by him, Blake's title is free from invalidity, and in no event could Mrs. Black now recover the land itself or any portion thereof from him. It is therefore immaterial whether the court did or did not err in its rulings regarding the rejection of evidence offered upon the trial, of which action she complains. In any view of the case, another trial, so far as Mrs. Black is concerned, would necessarily result as did the one now under consideration. The judgment excepted to in this writ of error is therefore affirmed.

*Judgment in first case reversed, with direction.*
*Writ of error in second case dismissed.*
*Judgment in the third case affirmed.*