FROST, administrator, *et al. v.* SMITH *et al.*

ATKINSON, J. The suit was instituted against William Frost; and after suggestion of his death of record in 1910, William J. Frost as administrator upon his estate was made a party defendant. By amendment to the petition in 1911, William J. Frost individually was made a party defendant, and duly served. The character of the case will appear from the decision made when it was before this court on a former occasion. *Smith* v. *Frost,* 144 *Ga.* 115 (86 S. E. 235). At a subsequent trial which occurred in 1917, William J. Frost in his individual capacity offered to file an answer setting up title to a part of the land in himself under a deed executed by William Frost in 1900 (which was three years before the institution of the suit), and possession thereunder for a period of more than seven years before William J. Frost individually was made a party defendant. The judge declined to allow the answer filed, on the ground that it came too late. In the judgment it is stated that no entry of default appears on the docket, nor has there been any judgment of default entered against W. J. Frost, and "that at least one motion for continuance has been made by the defendant W. J. Frost." *Held:*

1. Treating as true the allegations of the answer which was rejected, prescription would run in favor of William J. Frost individually as to the part of land claimed by him, until he was made a party defendant and served (*Bower* v. *Thomas,* 69 *Ga.* 47 (2); Powell on Actions for Land, § 124); and the plea was meritorious.

2. The provisions of the Civil Code, § 5628, requiring the judge at each regular term to call the cases on the appearance docket, and hear and decide all objections made to the sufficiency of petitions, pleas, etc., and

§ 5653, requiring the judge at each term to call the appearance docket upon some day previously fixed or on the last day of the term, and in all cases in which the defendant has not filed a demurrer, plea, answer, or other defense, to mark the case "in default," have reference to the filing of defenses, etc., by defendants in original suits filed under § 5551 et seq., and § 5362 et seq., and do not apply to defendants who are subsequently brought in by the plaintiffs by amendment. Where a new party defendant is added by amendment to the petition, upon motion of the plaintiff, and at the trial of the case at some subsequent term such new defendant offers for the first time to file a meritorious plea, whatever may be the right of the court to impose reasonable terms, the court should not disallow the plea unconditionally.

(a) It would seem that if § 5628 and § 5653, supra, were applicable, under application of their provisions the proposed answer was not offered too late. *McKenzie* v. *Consolidated Lumber Co.*, 142 *Ga.* 375 (82 S. E. 1062); *Hodnett* v. *Stewart*, 131 *Ga.* 67 (61 S. E. 1124); *American Central Ins. Co.* v. *Albright*, 145 *Ga.* 515 (89 S. E. 487).

(b) The judgment disallowing the plea was erroneous.

(c) On another hearing evidence tending to support the plea, duly offered, should be admitted.

3. One issue in the case was whether the defendant's possession was wrongful. While instructing the jury on the subject of mesne profits, the language employed by the trial judge amounted to an expression of opinion that the defendant's possession was wrongful.

4. There is no merit in the assignment of error upon the allowance of an amendment which alleges the death of one of the original plaintiffs, and prays that the petitioners as his heirs at law recover his interest in the land.

5. Some of the assignments of error were not discussed in the brief of counsel for the plaintiffs in error, and, under the rules of this court, will be considered as abandoned.

6. None of the other special grounds of the motion for new trial, which complain of rulings on admissibility of evidence and of certain excerpts from the charge of the court, when considered in connection with the pleadings, the evidence, and the charge in its entirety, show cause for reversal; nor are they of such character as to require elaboration.

7. As the judgment of the trial court is reversed upon other grounds, no ruling is made as to the sufficiency of the evidence to support the verdict.      *Judgment reversed. All the Justices concur.*

No. 818. FEBRUARY 24, 1919.

Equitable petition. Before Judge Hardeman. Washington superior court. December 18, 1917.

*B. T. Rawlings* and *James K. Hines,* for plaintiffs in error.

*A. R. Wright,* contra.