## SVIDERSKY v INDUSTRIAL COMMISSION et

Ohio Appeals, 7th Dist, Guernsey Co

Decided April 30, 1932

Cerrezin & Wilson, Cleveland, Warren Thomas, Warren, and W. Clark Hurrel for

plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, and R. R. Zurmehly, Columbus, for Industrial Commission.

Scott & Scott, Cambridge, for Cambridge Collieries Co.

POLLOCK, J.

The question to be determined in this action is whether the statute of limitations for bringing the action from the order of the commission had run in favor of the Collieries Company before it was made party defendant. If the action was not begun against that company within the limitations provided by the Code for bringing the action, the court below should have sustained the demurrer to the fourth ground, and there was no error in sustaining it to the fifth ground.

The entire proceeding to obtain an award under workmen's compensation is statutory. The act provides who shall be party defendants in the action in the Court of Common Pleas on appeal from the order of the commission refusing the claim, and no other party defendant is either necessary or proper.

Sec 1465-90 GC provides in part, as follows: "If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio. If the claimant is seeking compensation from the state insurance fund, the defendant in such action shall be the industrial commission and summons shall be issued to the industrial commission and also to the attorney general. If the claimant is seeking compensation from an employer who has qualified to pay compensation direct, as provided by §1465-69, GC, or from an employer who has failed to comply with this act, the defendant in such action shall be such employer and summons shall issue to such employer."

The action from the order of the Industrial Commission was brought within sixty days, the limitation provided by the Code, after the refusal to allow plaintiff compensation upon a rehearing against the Industrial Commission, but the Cambridge Collieries Company, the employer, was not made party defendant by amendment to

the petition for about a year and a half after the rejection of the claim by the commission on rehearing.

It thus appears that, unless the bringing of the action against the Industrial Commission tolled the running of the statute of limitations for commencing the action against the Collieries Company, the time for commencing it had expired prior to making the Collieries Company party defendant.

Sec 11230 GC states when an action is commenced against a defendant, the section reading as follows: "An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on a co-defendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made."

As appears from the provisions of this section, an action is not commenced until a summons is served on the defendant, or on a co-defendant who is a joint contractor or otherwise united in interest with him.

The Code provides that, if the employer has qualified to pay compensation direct, the defendant in the action shall be the employer.

The Industrial Commission, the party made defendant when this action was brought, did not have any interest in the subject-matter of the action, neither was it liable for the claim.

The action against the Cambridge Collieries Company was not commenced until after it had been made a party by amendment of the petition and summons had been served on it, and that was after the time for commencing the action under the Code.

The commencement of an action by service of summons on a party named as defendant will not stop the running of the statute of limitation for commencing the action against a second party made defendant by amendment to the petition, thus making a new party of one against whom the limitation has expired during pendency of the action, unless the original defendant was a joint contractor otherwise interested in the action. Lewis, Admr. v Hines, Dir. Gen. of Rds., 81 N. H., 24, 120 A., 728; Garrity v State Board of Administration of Educational Institutions, 99 Kan., 695, 162 P., 1167; Shaw v Cock, Treas., 78 N. Y., 194; Tutsch v Director Gen. of Rds., 52 Cal. App., 650, 199 P., 861; Sherman,

Assignee v S. K. D. Oil Company, 185 Cal., 534, 197 P., 799.

Other cases might be cited, but we deem it unnecessary, as the rule seems to be uniform in all the jurisdictions.

It does not appear that the question has ever been before the Supreme Court of this state, but it had a kindred question in the case of **Gorey v Black, 100 Oh St, 73,** 125 NE, 126. In that case the Supreme Court was construing §11282, GC, which provides that, when the action is rightfully brought in any county, a summons may be issued to any other county against one or more of the defendants at the plaintiff's request.

The Supreme Court held in the fourth paragraph of the syllabus: "In order to give the court jurisdiction over joint defendants who are nonresidents of the county where suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the defendants on whom valid service is had as well as against the nonresident defendants."

Applying a like principle to the action under consideration, it follows that, in order that the commencement of an action will stop the running of the statute of limitation for commencement of an action against a party afterwards made defendant in the action, it must appear by the averments of the amended petition that the party first made defendant was a joint contractor, or otherwise interested with the party made defendant by amendment. If such interest does not appear, the petition is subject to demurrer.

It follows that, as the statute limiting the time for prosecuting an appeal from the order of the commission disallowing the claim had expired prior to the making of the Cambridge Collieries Company party to the action, the demurrer of the Collieries Company to the amended petition was properly sustained. There was no error in the court sustaining the demurrer and dismissing the action.

Judgment affirmed.

ROBERTS, PJ, and FARR, J, concur.