CIOTTE v. ULLRICH.

1. INJUNCTION—REMEDIES—COURTS—JURISDICTION.

Injunction is a purely personal remedy and may be granted against those persons only of whom the court has actual jurisdiction.

2. LIMITATION OF ACTIONS—PARTIES—PLEADINGS—AMENDMENT.

Institution of personal suit against a defendant by way of amendment to pleadings does not affect running of statute of limitations as against him although original suit may have been commenced against another or wrong party in due time, regardless of plaintiffs' intent in the matter, where interest of original defendant is not joint with that of party brought in by way of amendment.

3. MORTGAGES — MORATORIUM STATUTE — EQUITY — DISCRETION OF COURT.

Record held, to justify denial of discretionary relief to mortgagors under mortgage moratorium act, where they had enjoyed

substantial income from property after foreclosure sale, applied
no part thereof to upkeep of the property and had permitted
taxes to get in arrears for several years (Act No. 98, Pub.
Acts 1933).

Appeal from Macomb; Reid (Neil E.), J. Submitted April 5, 1934. (Docket No. 31, Calendar No. 37,564.) Decided June 4, 1934.

Bill by Enrico Ciotte and wife against Leslie Ullrich, individually and as executor and trustee of the estate of Paul J. Ullrich, deceased, and Laura Ullrich to obtain relief under emergency mortgage moratorium statute. Bill dismissed. Plaintiffs appeal. Affirmed.

*Arthur David Rosen* and *Arthur H. Ratner,* for plaintiffs.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for defendants.

EDWARD M. SHARPE, J. Plaintiffs are the owners of the Fountain Bathhouse in Mount Clemens, Michigan. They gave a second mortgage to Leslie Ullrich who, in turn, assigned the same to his brother, Paul J. Ullrich. February 9, 1932, Laura Ullrich, widow of Paul J. Ullrich, acquired title to the mortgage by assignment from the executors of the estate of Paul J. Ullrich. Upon default, she foreclosed the mortgage and bid in the property at sheriff's sale June 8, 1932, for $2,617.52.

June 7, 1933, two days before the equity of redemption would expire, plaintiffs filed their bill of complaint for relief under Act No. 98, Pub. Acts 1933, against Leslie Ullrich as an individual and as executor of the estate of Paul J. Ullrich, deceased. July 5, 1933, the trial court permitted plaintiffs to

amend their bill of complaint to show the true mortgagee and to add Laura Ullrich as one of the defendants.

At the time the bill of complaint was filed there were unpaid taxes on the property amounting to $3,853.62, a first mortgage of $6,845, unpaid interest in the sum of $479.16. During the year 1932 plaintiffs had received rental from the premises in the sum of $1,800, no part of which had been used for upkeep or for the payment of any indebtedness on the premises.

Plaintiffs contend that the suit is in the nature of an *in rem* action and had actually been instituted before the expiration of the period of redemption, while the defendants moved to dismiss upon the grounds that as to Laura Ullrich the court had no jurisdiction under Act No. 98, Pub. Acts 1933, since the proceedings as to her had not been commenced before the expiration of the period of redemption, and further, that plaintiffs had not made out a case for equitable relief.

The trial court dismissed the bill of complaint on both grounds and plaintiffs appeal.

The plaintiffs' contention that this is an *in rem* action is without foundation. The nature of the relief asked is an injunction, which is a purely personal remedy and can be granted only against those persons of whom the court has actual jurisdiction.

Act No. 98, Pub. Acts 1933, requires that the suit be instituted before the expiration of the period of redemption. As to defendant Laura Ullrich the suit was not instituted until after the expiration of the period of redemption and the fact that institution of suit against her took place by way of amendment of the original bill does not affect this result.

"The running of the statute of limitations is not interrupted by the commencement of an action

against the servant of the real party in interest, against a person no longer a party in interest, against a person in the wrong capacity, or against the wrong party." 37 C. J. p. 1062.

"The general rule is well settled that, where new parties defendant are brought in by amendment, the statute of limitations continues to run in their favor until thus made parties. The suit cannot be considered as having been commenced against them until they are made parties." 37 C. J. p. 1066.

These statements are well borne out by the decisions. In the early case of *Miller* v. *M'Intyre,* 6 Pet. (31 U. S.) 61, 64, the court held:

"Until the defendants were made parties to the bill, the suit cannot be considered as having been commenced against them. It would be a novel and unjust principle to make the defendants responsible for a proceeding of which they had no notice; and where a final decree in the case could not have prejudiced their rights."

The foregoing case was cited with approval in *United States* v. *Martinez,* 195 U. S. 469, 473 (25 Sup. Ct. 80), in which the court also said:

"For obvious reasons, a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceedings, as to him, as commenced by the process which brings him into court."

In *Leatherman* v. *Times Co.,* 88 Ky. 291 (11 S. W. 12, 3 L. R. A. 324, 21 Am. St. Rep. 342), it was held that an action commenced against a certain defendant as a corporation could not be sustained on an amendment made after the statute of limitations had run, alleging that the defendant was a partnership instead of a corporation, and substituting the indi-

vidual partners as defendants, although the original summons was served upon one of them as the business manager of the supposed corporation, and an answer was filed in the name of the company before the statute had run without disclosing whether it was incorporated or not. The court said (page 295):

"But the case falls within the principle that where a plaintiff commences his action against the wrong party, when no such party was in existence, and, after the statute of limitations has fully run, amends his petition by bringing in new parties as defendants, the parties so brought in may successfully rely upon the statute of limitations as a defense."

In *Proctor* v. *The Wells Bros. Co. of New York,* 262 Ill. 77 (104 N. E. 186, Ann. Cas. 1915 B, 273), the court held that where there are two corporations of similar names and one of them is named defendant and one of its officers was summoned, the suit is not commenced against the other so far as the statute of limitations is concerned until the issuance of a new summons, which is necessary to bring the new party into court, and it is immaterial that plaintiff intended to sue the second party in the first instance.

Again, in *Svidersky* v. *Industrial Commission of Ohio,* 43 Ohio App. 162, 167 (183 N. E. 43, 44), the rule was succinctly stated:

"The commencement of an action by service of summons on a party named as defendant will not stop the running of the statute of limitations for commencing the action against a second party made defendant by amendment to the petition, thus making a new party of one against whom the limitations has expired during the pendency of the action, unless the original defendant was a joint contractor or otherwise interested in the action."

Other cases to the same effect are: *Wilson's Adm'r* v. *Holt*, 91 Ala. 204 (8 South. 794); *Sherman* v. *S. K. D. Oil Co.*, 185 Cal. 534 (197 Pac. 799); *Harrison* v. *McCormick*, 122 Cal. 651 (55 Pac. 592); *Frost* v. *Smith*, 148 Ga. 840 (98 S. E. 471); *Knox* v. *Laird*, 92 Ga. 123 (17 S. E. 988); *Bower* v. *Thomas*, 69 Ga. 47; *Garrity* v. *State Board of Administration of Educational Institutions*, 99 Kan. 695 (162 Pac. 1167); *Lewis* v. *Hines*, 81 N. H. 24 (120 Atl. 728); *Shaw* v. *Cock*, 78 N. Y. 194; *Girardi* v. *Laquin Lumber Co.*, 232 Pa. 1 (81 Atl. 63).

The record discloses that plaintiffs failed to pay taxes for the years 1930, 1931 and 1932, amounting to the sum of $3,853.62, failed to keep the premises in repair, and applied no part of the $1,800 rent received to the upkeep of the property. Upon these facts the trial court denied relief upon equitable grounds. We think the court was right. The statute is throughout purely permissive in terms, depending upon the discretion of the court and never a matter of right.

We have considered other claims made by plaintiffs, but they are not material to the issue and a decision upon them would serve no useful purpose.

Judgment affirmed, with costs to defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.