MICHIGAN TRUST CO. *v.* ROSE.

1. MORTGAGES—MORATORIUM ACT—DISCRETION OF COURT.

The mortgage moratorium act is permissive in its terms and confers a discretionary power upon the court to grant or refuse the relief prayed for (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.]).

2. SAME—CONDITIONAL EXTENSION OF REDEMPTION.

On petition of mortgagors under the mortgage moratorium act, filed shortly before the expiration of the equity of redemption to extend that period and restrain mortgagee from taking possession and collecting rents, order extending period of redemption but giving plaintiff possession on condition that it collect rents and pay them into court to be applied in payment of fire insurance premiums, taxes, maintenance and operation, and taxable costs, *held*, not an abuse of discretion where court

found mortgagors were incapable of getting the most out .of the property, and permitted taxes, fire insurance premiums and water rents to remain unpaid and property was not being kept up (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.]).

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 11, 1935. (Docket No. 63, Calendar No. 38,177.) Decided April 8, 1935.

Bill by Michigan Trust Company, a Michigan corporation, against Jacob Rose and others to foreclose a mortgage. On petition of Jacob Rose and wife to obtain relief under the mortgage moratorium statute. From order made, defendants Rose appeal. Appeal dismissed.

*Lou L. Landman,* for plaintiff.

*Charles G. Turner* and *Don E. Minor,* for defendants Rose.

Nelson Sharpe, J. The bill of complaint herein was filed by the plaintiff to foreclose a mortgage executed to it by the defendants Jacob Rose and Sara Rose on certain real estate in the city of Muskegon. On October 17, 1933, a decree was entered fixing the amount then due for principal and interest, and a sale was had pursuant thereto on December 11, 1933, at which time the plaintiff became the purchaser for the amount found to be due and the expenses incident thereto, in all the sum of $19,161.58. On December 15, 1933, an order confirming the sale was entered and a deed, executed by the circuit court commissioner, delivered to the plaintiff and duly recorded by it. Under it the plaintiff became entitled to possession of the property on June 11, 1934, un-

less redeemed. On June 6th, five days prior thereto, the defendants Jacob Rose and Sara Rose filed the petition herein, praying for relief under what is known as the mortgage moratorium act. (Act No. 98, Pub. Acts 1933, as amended by Act No. 20, Pub. Acts 1934 [Ex. Sess.].) In it they set up the proceedings theretofore had, and prayed for an extension of the period of the equity of redemption and for an injunction restraining the plaintiff from taking possession of the property or collecting the rents from the tenants therein.

Proofs were taken on June 18th, an opinion filed by the court on June 25th, and an order entered on June 26th. The trial court found that—

"While most of the property is rented, the rents are low. and nothing is done for the upkeep of the property, or the taxes or insurance. Taxes for 1929 and since that time remain unpaid. Water rents are not being paid, the fire insurance on the property is not being kept up; the defendant, Jacob Rose, could not on the stand state what, if any, insurance is now on the property or what agency had the insurance as might be thereon.

"He had been notified by the plaintiff, as the terms of the mortgage provided, to deposit all policies of insurance with the mortgagee, but had paid no attention to the request. It is my opinion he is not capable to have the handling of this property, or to negotiate with tenants or possible tenants for the property to get the most out of the property. He has leased part of the property for less rent than should have been received for it."

In the order made he extended the time for redemption to March 1, 1935, gave plaintiff possession on condition that it should collect the rents and pay them over to the county clerk to be applied in pay-

ment of fire insurance premiums, taxes, cost of maintenance and operation of the building, plaintiff's taxable costs, and "any other payments this court may hereafter order made." The petitioners have appealed therefrom.

The statute is permissive in its terms and confers a discretionary power upon the court to grant or refuse the relief prayed for. *Virginian Joint Stock Land Bank of Charleston* v. *Hudson,* 266 Mich. 644; *Ciotte* v. *Ullrich,* 267 Mich. 136. The building on the property was not fully occupied. It was in the interest of the plaintiff as well as of the petitioners to secure additional tenants if possible. No fair rental value could then be fixed. There was no abuse of discretion on the part of the trial court in the order made. Petitioners can suffer no loss in its enforcement.

The appeal is dismissed, with costs to the plaintiff.

POTTER, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.