•      BARKER *v.* TITLE & TRUST CO.

1. VENDOR AND PURCHASER—MORATORIUM ACT—DISCRETION OF COURT.
    Granting or denying relief under moratorium act to purchaser under land contract is largely a matter within discretion of trial court (Act No. 122, Pub. Acts 1933).

2. SAME—DISCRETION OF COURT.
    Action of trial judge in vacating order granting purchaser under land contract relief by way of continuance and restraining dispossession as authorized under moratorium act must be viewed in light of circumstances existing at time of original hearing as well as character of plaintiff's subsequent violation of the order (Act No. 122, Pub. Acts 1933).

3. SAME—TIME—COMPLIANCE WITH ORDER.
    Refusal of trial court to vacate order vacating former order which granted land contract purchaser relief under moratorium act because of failure to comply with terms thereof *held*, not an abuse of discretion, where original order provided time was of the essence and payment of specified fair rental value was not made as required (Act No. 122, Pub. Acts 1933).

4. APPEAL AND ERROR—LIABILITY ON STAY BOND.
    Liability of plaintiff and her surety on stay bond given on appeal from order, in effect denying relief under land contract moratorium act cannot be adjudicated on such appeal (Act No. 122, Pub. Acts 1933).

Appeal from Lenawee; Rathbun (George A.), J. Submitted April 5, 1935. (Docket No. 83, Calendar No. 38,143.) Decided May 17, 1935.

Bill by Julia M. Barker against Title & Trust Company, a Michigan corporation, and others to restrain issuance of a writ of restitution and for relief under Act No. 122,.Pub. Acts 1933. From denial of motion to set aside order for plaintiff, she appeals. Affirmed.

*Harry W. Brower* (*Burke & Burke,* of counsel), for plaintiff.

*Yerkes, Goddard & McClintock* (*Shirley T. Johnson* and *George W. Bean,* of counsel), for defendant Title & Trust Co.

NORTH, J.   Plaintiff is the assignee of Pearley Hafer who was the vendee in a land contract in which the Title & Trust Company, a Michigan corporation, was the vendor of a 100-acre farm located in Fairfield township, Lenawee county.   Plaintiff acquired her interest as assignee of the vendee, March 1, 1933.   Following default in payments due under the land contract summary proceedings were prosecuted before the defendant circuit court commissioner and a judgment of ouster was rendered against Mrs. Barker, March 18, 1934.   The amount found then due and unpaid on the contract was $1,750.   Mrs. Barker had the statutory right to pay this amount within 90 days after judgment and thus avoid forfeiture.   Payment was not made but instead on June 11, 1934, Mrs. Barker filed the bill of complaint herein under the statute providing for a moratorium in such cases.   Act No. 122, Pub. Acts 1933.   Answer was filed, hearing had, and on September 25, 1934, an order was entered which, among other provisions, continued the cause until March 1, 1935, and restrained dispossession of plaintiff in the interim.   This relief was granted upon the express condition that plaintiff should pay to the clerk of the court for the Title & Trust Company the fair rental value of the property which the court fixed, and further provided:

"That the said payments are to be made in the following manner: $72.91 to be paid *on or before*

October 5, 1934, and a further sum of $72.90 on or before November 5, 1934, which said total of $145.81 is for rent which has thus far accrued against said property."

Provision was also made for payment of future rental in monthly installments, all payments to be applied on the contract. Under circumstances hereinafter detailed plaintiff failed to make the first payment of $72.91, which the court on September 25th ordered "to be paid *on or before* October 5, 1934." Because of such failure the circuit judge of his own motion on October 8, 1934, entered an order by which he vacated and dissolved his order of September 25, 1934, and authorized the issuance of "a writ of restitution for the repossession of said premises from the said Julia M. Barker." Plaintiff's subsequent motion to vacate the order of October 8th was denied October 15, 1934, and she has appealed. Defendants Hafer and Jewett did not appear and no relief is sought against them.

Appellant asserts that in vacating his former order the trial judge erred because there was no substantial violation of the order entered September 25, 1934. Appellant also urges that the order of the court appealed from was arbitrary and constituted an abuse of discretion. In determining this appeal it must be borne in mind that granting or denying the relief sought by plaintiff was, in the first instance, largely a matter of discretion with the circuit judge. *Virginian Joint Stock Land Bank of Charleston* v. *Hudson*, 266 Mich. 644, 652. His subsequent action in vacating the order must be viewed in the light of the circumstances disclosed at the original hearing, as well as upon consideration of the character of plaintiff's subsequent violation of the order. While this record does not contain a tran-

script of the testimony given before the court upon the first hearing, it does disclose many of the facts and circumstances in the light of which the first order was made. Appellant has not denied the following facts affirmatively alleged in appellee's answer. Plaintiff was engaged in the real estate business in the city of Detroit. This 100-acre farm was not occupied at any time by her as a place of residence. Instead she obviously acquired the vendee's interest for speculative purposes. The farm was occupied by her tenants, and plaintiff had the benefit of whatever income it produced. She paid nothing to the vendor to apply on the contract purchase or accrued interest after she became the assignee of the vendee's interest, March 1, 1933. Two annual payments of $500 each fell due and should have been paid by appellant. She paid nothing on taxes or insurance. It also appears from the record that the trial judge at the time of hearing plaintiff's first application for relief, in company with the attorneys of the respective parties, "viewed the farm" which is the subject matter of this suit. He evidently was impressed that the margin of testimony on which he granted the stay in the first instance was narrow; and he provided in the decree:

"And the court finding that time is of the essence reserves the right, on its own motion, or motion of counsel, to dissolve the injunction heretofore issued and the within restraining order and order the premises vacated or a writ of restitution to be issued upon proof * * * that the money was not paid on or before the dates set forth in this order."

There is no dispute that plaintiff failed to make the payment of $72.91 "*on or before* October 5, 1934." This payment had not been made at the time the order vacating the stay was made on Octo-

ber 8th. But the check was received through the mail by the clerk later that day. Appellant now attempts to excuse this delay by showing that some time during the forenoon of October 5th a person representing plaintiff had a long distance telephone communication from Detroit with the clerk of the circuit court of Lenawee county, and was advised by the clerk that it was not necessary to send a messenger to make the payment to the clerk on that day but that it would be satisfactory if a check was mailed at Detroit on that date and that a check was so mailed. The arrangement made by the clerk was approved by the circuit judge. However, the check was not mailed until 5:30 or 5:45 in the afternoon and then by depositing it in a mailbox in one of Detroit's office buildings. Plaintiff's own showing is that: "the check had to be in the hands of the clerk at Adrian on the following morning." October 5, 1934, fell on Friday. The check was not received on the following day, nor had it arrived at the opening of court on Monday following the intervening Sunday. At that session of court, about ten o'clock in the forenoon, the circuit judge vacated his former order for the obvious reason that plaintiff had failed to comply with its terms. Upon the hearing of plaintiff's application to vacate this order of October 8th, the court declined to do so. In this we think he was fully justified; at least we cannot say it constituted an abuse of discretion. Plaintiff's motion to vacate the order entered by the court on October 8th was heard October 15, 1934. With the facts fully before him, and after hearing counsel for the respective parties, the court said:

"Gentlemen, if the court had not been so plain and explicit at the time I made this order I would feel that perhaps petitioner at this time had some

equity to save. But the court very emphatically said that the order he had made was practically automatic. That if the payment was not here as and when ordered, the court reserved the right on his own motion to enter an order dissolving the temporary injunction and affording writ of assistance— or by dissolving, afford writ of restitution from the circuit court commissioner. I stated I wanted the order to provide that time was of the essence of the order.

"Now, in the first place this is not a homestead, this is a speculative transaction on the part of a Detroit real estate operator. I think that the court could have exercised a discretion either way at the time I made the order on September 25th. But I felt that if I was to err I wanted to err on the rule of one last chance."

Under the circumstances disclosed by this record we would not be justified in vacating or modifying the order of the circuit court from which this appeal is taken. It is affirmed, with costs to appellee.

At the time of taking this appeal the plaintiff was required by this court to file a stay bond. The liability of plaintiff and the surety, if any, upon the bond cannot be adjudicated on this appeal. The request in appellee's brief for such adjudication is denied.

POTTER, C. J., and NELSON SHARPE, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. FEAD, J., did not sit.