ALLEN *v.* DETROIT TRUST ·CO.

1. MORTGAGES—MORATORIUM RELIEF—PLEADING.
   Moratorium statutes do not provide that mere allegations in a sworn petition are, of themselves, sufficient to entitle one to relief thereunder.

2. SAME—MORATORIUM RELIEF—STATUTES—DISCRETION OF COURT.
   A mortgagor desiring moratorium relief under mortgage foreclosure proceedings must prove facts which move the discretion of the court in his behalf as the statutes do not afford a blanket moratorium.

3. CONTINUANCES—ABSENCE OF COUNSEL—MORATORIUM RELIEF. ·
   After nine adjournments of hearing on bill for moratorium relief in mortgage foreclosure proceedings, circuit judge before whom cause was set for a day certain *held*, justified in refusing further adjournments and denying petition when attorney for plaintiff failed to appear because engaged in trial of a case in an inferior court.

4. APPEAL AND ERROR—MODIFICATION OF CHANCERY ORDER OR DECREE.
   It is within power of Supreme Court to modify a chancery order or decree.

5. MORTGAGES—MORATORIUM—EQUITY.
   In suit to obtain moratorium relief in mortgage foreclosure proceedings where sworn bill shows property consists of a 42-apartment building which plaintiff purchased for $100,000, on which principal amount of mortgage was originally $80,000, foreclosure sale was had for $68,500, plaintiff is liable for deficiency of $8,000, in which she has invested approximately $235,000, and has turned over rents to mortgagee except upkeep charges and taxes and $2,750 in payment for furniture and personal property, also turned over to mortgagee, defendant is granted option of consenting to set aside foreclosure sale within 20 days or being subject to redemption for 90 days with permission to continue to collect income, notwithstanding numerous adjournments and changes of counsel on part of plaintiff.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 25, 1937. (Docket No. 135, Calendar No. 39,342.) Decided March 2, 1937.

Bill by Celia Allen against Detroit Trust Company and others for moratorium relief in mortgage foreclosure proceedings. Bill dismissed. Plaintiff appeals. Modified and affirmed.

*Fildew & DeGree,* for plaintiff.

*Earl I. Heenan* and *Harry Cohen,* for defendants.

BUTZEL, J. On October 23, 1935, Celia Allen filed a bill of complaint seeking a moratorium and asking that a mortgage foreclosure sale held on April 5, 1935, be set aside or else that redemption from the sale be extended until March 1, 1937, or until the further order of the court. In either event, the mortgagees were to continue to collect the rents from the mortgaged property during the interim. She alleged that the property had been bid in for $68,500, that the original amount of the mortgage loan was for $80,000, that the property originally cost the sum of $100,000 and that if a moratorium were granted, she believed that she would be able to pay the defendants.

An order, returnable November 9, 1935, was issued directing defendants to show cause why relief prayed for should not be granted. Evidently no answer was filed to plaintiff's bill of complaint, nor does the record indicate what occurred on the return day of the order to show cause. The hearing went over to November 16, 1935, and after eight more successive adjournments it was partly heard in open court on April 4, 1936, and further continued to April 9, 1936.

No good cause for the relief asked for having been shown to the court on the latter date, the application for moratorium relief was denied. A petition for rehearing was filed and also denied. The order of the court denying the latter petition set forth the various adjournments and also showed that on April 9, 1936, a date specially set for the hearing, an attorney associated with plaintiff's attorney appeared and stated that plaintiff's attorney was engaged in the trial of a case or cases before one of the judges of the common pleas court for the city of Detroit and for that reason could not attend and that he desired a further adjournment of the hearing. The court, in denying the rehearing, assessed plaintiff $15 costs. Plaintiff's sworn petition for a rehearing alleges that the premises are improved with a 42-apartment building in the city of Detroit; that plaintiff has invested the sum of approximately $235,000 in the property and that she did not have proper representation in the first instance. Since then she has changed attorneys several times. In an additional affidavit, she alleges that she will be liable for a deficiency of over $8,000 in the event that she is not granted the relief prayed for. Her present counsel did not represent her at any of the former hearings. She asks for a moratorium and that the foreclosure sale be set aside or else that she be given 90 days from the date of the decision in which to redeem from the foreclosure.

The moratorium statutes do not provide that mere allegations in a sworn petition are, of themselves, sufficient to entitle one to relief thereunder. The law is not a blanket moratorium, but the mortgagor must prove facts which move the discretion of the court in his behalf. *Virginian Joint Stock Land*

*Bank of Charleston* v. *Hudson,* 266 Mich. 644. Moratorium relief is not granted as a matter of right; it is purely discretionary. *Ciotte* v. *Ullrich,* 267 Mich. 136; *Michigan Trust Co.* v. *Rose,* 271 Mich. 115; *Barker* v. *Title & Trust Co.,* 271 Mich. 641; *Sawn* v. *Williams,* 273 Mich. 402. If the property, as stated in the original bill of complaint, had been sold for $68,500 and only cost $100,000 prior to the depression when the mortgage was given, there would be no abuse of discretion by the trial judge in refusing to grant a moratorium on mere allegations in a sworn bill, without a further showing. Instead of making such showing, there were nine adjournments and then the hearing was set for a day and time certain. Plaintiff's attorney, however, failed to appear because, as he claimed, he was engaged in some litigation in an inferior court. The judge was fully justified in refusing any further adjournments and denying the petition.

The facts in the case differ from any of those heretofore presented to us. It is within our power to modify a chancery order or decree. We are impressed with the fact that for several years prior to the commencement of the foreclosure suit, plaintiff turned over the income to defendants to apply on the mortgage interest, taxes, etc., reserving to herself from the income, after upkeep charges and the 1930 taxes were paid, only the sum of $2,750 in payment for the furniture and personal property which she turned over to the mortgagees. While, as a strict matter of legal right, plaintiff would not be entitled to any further consideration, the unusual conditions set forth in the various documents which are contained in the record indicate that plaintiff may be entitled to some equitable relief if it can be given without infringing upon the rights of defendants.

Unless defendants shall at their sole option, within 20 days after the handing down of this opinion, consent in writing to have the foreclosure sale set aside, and a moratorium order entered for the statutory period, subject to the provisions of the moratorium act, the sale will not be disturbed but plaintiff shall have a right to redeem during the 90 days after the handing down of this opinion. During such interim, the defendants shall continue to be entitled to collect the income in accordance with the agreement entered into by the parties. Defendants shall be entitled to all costs, including those on appeal.

The order and decree of the lower court is affirmed as modified.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE. POTTER, and CHANDLER, JJ., concurred.