Fields *vs.* Price.

JOHN D. FIELD, Jr., administrator, plaintiff in error, *vs.* WILLIAM P. PRICE, defendant in error.

Where an equitable plea is filed to a common law suit, and a decree had in favor of the defendant, the plaintiff cannot, by bill, set the same aside, claiming that it was rendered in a court of law. The plaintiff, on the trial of the case, had the right and the opportunity to have availed himself of any legal or equitable claim which he then had as fully and completely as if the case had been pending in a court of equity, and if he failed or neglected to do so at the proper time, and in the proper manner, no one is to blame but himself. He has had his day in court, and must now abide its judgment.

Equity. Judgments. Before Judge KNIGHT. Lumpkin Superior Court. April Term, 1874.

For the facts of this case, see the decision.

WIER BOYD, for plaintiff in error.

W. P. PRICE, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant to set aside a judgment which had been obtained in the court below, and affirmed by the judgment of this court,

with a prayer for injunction. On the hearing of the motion for an injunction the judge refused the same, and dismissed the complainant's bill. Whereupon the complainant excepted. The main ground of equity alleged in the bill is, that the court below, in rendering its former judgment, and this court in affirming that judgment, misconstrued and misinterpreted the agreement on which that judgment was founded. The argument here is, that inasmuch as that judgment was rendered in a court of law, a court of equity has jurisdiction to review and set it aside. It is true that the suit was originally commenced in a court of law, but the defendant in that suit filed an equitable defense thereto under the rules and practice of our courts, and obtained an equitable decree in his favor. The complainant, on the trial of that case, had the right and the opportunity to have availed himself of any legal or equitable claim which he then had as fully and completely as if the case had been pending in a court of equity, and if he failed or neglected to do so at the proper time, and in the proper manner, no one is to blame but himself. He has had his day in court, and must now abide its judgment, the more especially as he alleges no legal or equitable ground for the interference of the court in his behalf. There was no error in the judgment of the court below on the allegations contained in the complainant's bill.

Let the judgment of the court below be affirmed.