RADCLIFFE & LAMB, plaintiffs in error, vs. VARNER & ELLINGTON, defendants in error.

Whilst defendants having an equitable defense and being empowered by the Code to make it at law, will be concluded by the neglect to set it up as a general rule, yet where new parties must be made before complete equity can be done, and courts of equity are authorized by statute to make such parties whilst courts of law are not, equity will administer relief and to that end will grant an injunction to stay the common law proceedings before or after judgment, on a proper case made.

Injunction. Judgments. Equity. Before Judge CRAWFORD. Muscogee County. At Chambers. March 2d, 1876.

Reported in the opinion.

BLANDFORD & GARRARD, by R. F. LYON, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

JACKSON, Judge.

This case was before this court at the last term. Varner & Ellington had sued Radcliffe & Lamb on the acceptance of a draft drawn on them by May. To this suit Radcliffe & Lamb filed an equitable plea to the effect that they had entered into partnership with May to run two plantations in Macon county, Alabama, in which articles of partnership it was stipulated that May should buy all supplies through them; that Varner & Ellington had knowledge of the contract, and yet credited May, and May sent them cotton, which instead of being applied to the payment of this draft, which was given for previous supplies, was applied to other debts contracted by May for supplies and cash, against the stipulations of the contract, and they asked that the proceeds of this cotton, somewhere about the amount of the draft, be applied as an equitable set-off to the debt due on the draft. This court decided then that inasmuch as the cotton belonged to May as well as to Radcliffe & Lamb, and May was not a party to the common law-suit, but the action was against Radcliffe & Lamb only, the set-off could not be allowed, and sustained the judgment below to that effect. But we also held that upon a proper bill made, making May a party, so that all equities between him and Radcliffe & Lamb might be adjusted, relief might be afforded to the latter against Varner & Ellington.

This bill is now filed, May is made a party, and it is alleged in the bill that he is largely indebted to Radcliffe & Lamb on account of the partnership, and would be entitled to no part of the cotton or its proceeds, in the hands of Varner & Ellington, and relief is asked ; and to the end that a jury may

pass upon the facts, an injunction is asked to stay the common law judgment until the parties can be heard in equity. If the chancellor, in the exercise of his discretion, had put his decision declining to grant the injunction upon the disputed facts in respect to the knowlege or want of knowlege of the defendants in error of the terms of the contract of partnership, we should not have interposed to control his discretion. But inasmuch as we understand that his judgment rests upon what we conceive to be a misconstruction of previous rulings of this court on the question of how far a defendant to a common law suit will be bound to put in his equitable defenses, if he has any, or be precluded from setting them up in equity on a bill after judgment, we have concluded to set down what we believe to be the true rule, and to act upon it in this case. We ruled, when the case was here before, at common law, that if Varner & Ellington had notice of this contract they could not have sold to May, in the teeth of a stipulation in it that May should buy supplies only through Radcliffe & Lamb, and that the same rule applied to the purchase of the cotton, if they knew that it was by the partnership contract to be sent to Columbus; and we withheld relief, only because of May not being a party. Now could May have been made a party at common law? We know of no process by which he could. Provision is made in equity for such cases, but none that we are aware of at law: Code, sections 4181, 3480. Whilst, therefore, we hold that a party who has an equitable defense, which can be set up at law, must do so or he will be concluded by the judgment, our Code having given him the clear right to do so: Code, sections 3081, 3082; *Field vs. Price,* 52 *Georgia Reports,* 469; *Grubb, administratrix, vs. Hall et al.,* decided at the present term, and not yet reported; yet, where good reasons exists why he could not set up such equitable defense, a court of equity will still interpose and give him the aid necessary to enable him to do so: *Southwestern Railroad Company vs. Chapman,* 47 *Georgia Reports,* 562; and the case of *Grubb, adm'x, vs. Hall et al., supra.*

Surely no better reason can exist than that, from want of

parties and want of power in the common law court to make them, he could not set up the equitable defense.    And that is this case.    The plaintiffs reside out of the state, they come in it to sue, they are charged with inequitable conduct, they hold funds which, if what complainants assert be true, should be set off against this draft, and while the facts are disputed, we think the weight inclines to the side of the plaintiffs in error. At all events, under the decision of this court, in this case before, in which this remedy is almost suggested, (see opinion of Mr. Justice BLECKLEY, not yet published,) it would be unjust not to allow the plaintiffs in error an opportunity of being heard before a jury on the case made by their bill.    It is due to the judge below to add, that had that opinion been published and met his eye, he would doubtless have granted this injunction under its intimations.

Judgment reversed.