## WATERS *et al.*, executors, *vs.* PERKINS.

1. If a defendant has a legal defense to an action at law, he must them make it, or he will be concluded ; and equity will not relieve him un-less he failed to make the defense by the fraud of the other party, or by accident, and without fault in himself.   But where the defense is equitable, and requires the introduction of new parties, the defendant will not be concluded by his failure to plead it to the action at law. He may assert the same by bill in equity after judgment.

2. The general rule in considering a demurrer to a bill in equity is to look only at the bill and exhibits.   When, therefore, a general demurrer was filed, considered and overruled on the basis of the bill as originally brought and amended, with all the original parties, and the writ of error was sued out on the same basis, this court will consider the case so made, although an order appears in the record, dated some four years previous to the judgment complained of, dismissing the bill as to two of the defendants, their names not having been actually stricken, nor the attention of the presiding judge otherwise called to the fact that they were not parties.

Equity.   Judgment.   Practice in the Superior Court. Practice in the Supreme Court.   Before Judge CRAWFORD. Taylor Superior Court.   April Term, 1879.

Reported in the decision.

O. M. COLBERT ; W. A. LITTLE, for plaintiffs in error.

W. S. WALLACE ; WILLIS & WILLIS, for defendant.

JACKSON, Justice.

Jackson Perkins exhibited his bill against William H. Walker, Augusta A. Walker and S. Scandrett, administrator of Robert Scandrett, alleging that on the 17th day of December, 1870, he purchased from Walker & Walker three hundred and fifty acres of land in Taylor county, and gave his four notes, one for $350.00, due January 1st, 1871 ; one for $350.00, due January 10th, 1871; one for $749.00, due December 25th, 1871, the other for $798.00, due December

25th, 1872, and for which the Walkers gave him bond to make title on the payment of the money. That when he purchased, the Walkers represented that they had a good title, free from liens, and he bought on such representations ; that the representations were false ; that there are a number of judgments outstanding against the Walkers; that on January 1st, 1873, Walker sold to Scandrett the note for $798.00, and that Scandrett brought suit on it to the April term, 1873, Taylor superior court ; that on the 5th day of August, 1873, the United States marshal sold said land under an execution from the United States fifth circuit court, in favor of McLean & Statesberry *vs.* W. H. Walker, for $300.00, to one Silas Monk ; that to keep himself from being dispossessed he bought the land from Monk the same day that he went into possession under the sale from Walker, and was so in when the sale was made ; that . when Scandrett purchased the note he had notice of all the facts ; that after the suit was commenced Scandrett died, and his representatives were made parties, and that at April term, 1874, judgment went against him by default for the amount of the note. The Walkers are insolvent, and were so when he purchased the land. That he has paid all the purchase money except this judgment ; that the land has greatly depreciated, and at the time of the purchase by Monk was worth only what he paid. Waives discovery, and prays for perpetual injunction against the *fi. fa.*

Complainant amended his bill and alleged that at the time of the sale under the execution he owned the execution, paid $800.00 for it, was obliged to buy it to quiet his title ; that he paid $50.00 to have the land sold, and that these amounts ought to be allowed to him as a set-off against the judgment.

He further alleges that he pleaded these facts in defense of the suit at April term, 1874. That James Johnson, judge presiding, ruled that they could not be pleaded at law, but could be prosecuted by a separate bill ; that he

then withdrew his pleas, and judgment went against him by default.

Defendants demurred generally to the bill as amended. The court overruled the demurrer, and defendants excepted. Scandrett, administrator, died, and his executors were made parties.

The ground on which the demurrer rests is, that the complainant had a complete remedy when he was sued at common law, and did not avail himself of it, and is concluded by the failure so to avail himself of that defense, of which he had full knowledge. The fact is that he did file a plea, but the presiding judge—Judge James Johnson—being of the opinion that he must go into equity, the plea was withdrawn, and judgment went by default against the complainant.

1. There can be no doubt that if a defendant has a good legal defense to a suit at law, he must then make it, or he will be concluded, Code, §3129; and equity will not relieve him, unless he failed to make the defense by the fraud of the other party or accident, and without fault in himself. Code, §3129.

But the defense in this case was equitable. Was he bound to plead this equitable defense at law? Certainly not, if it was necessary to bring in other parties; because a court of law cannot make new parties to a cause. Code, §3480. *Radcliffe & Lamb vs. Varner & Ellington,* 56 *Ga.,* 222. Here the Walkers were made parties; they seem to be necessary parties; they held the title to the land sold to Perkins; they made the false representations; and to quiet the possession of Perkins, it would seem that they should be made parties and be heard in the case, and a decree be rendered against them too. Accordingly they were made parties.

2. But it is said by the defendants' counsel that the record shows that the bill was dismissed as to them in 1875, and such an order does appear of record. But the attention of the court below was not called thereto at all,

and the usual rule in considering a demurrer is to look only at the bill and exhibits. If the Walkers' names had been stricken from the bill, pursuant to the order, then the fact that they were not parties would have been apparent from the bill itself, and could have been considered by the court.

But the judgment overruling the demurrer is in these words:

"Jackson Perkins *vs.* H. C. Holbrook, executor of Robert Scandrett, F. W. H. Walker and Augusta Walker. } Bill for injunction.

"After argument had, it is ordered by the court that the demurrer to said bill as amended be, and the same is hereby, overruled, and that said case stand continued. April Term, 1879."

So that all were then treated as parties. And in the bill of exceptions they are still treated as parties, and the case, as on trial on the demurrer, is alleged to be "a case pending on the equity side of the said court, to-wit: Jackson Perkins, complainant, *vs.* Elam B. Waters, Henry Holbrook, executors of Robert Scandrett, and Wm. H. and Augusta Walker." Therefore, it is clear that the judgment complained of here in this writ of error is a judgment on this bill, wherein the Walkers as well as Scandrett's executors are parties; and in that bill there is equity; and the overruling the demurrer to that bill is not error.

It is unnecessary to consider the question whether there are other good reasons in this record why this bill should carry the case to the jury. It would seem settled that generally the defense, even if equitable, must be made to the suit while in progress, 52 *Ga.*, 469; 55 *Ga.*, 630; but, independently of the necessity of new parties, other circumstances might authorize equity to interpose even after judgment, and the failure to make a defense before judgment with full knowledge of its existence, if that defense be purely equitable. But "sufficient unto the day is the evil thereof."

Judgment affirmed.