ROYAL FRATERNAL UNION *v.* HALL, administratrix, *et al.*

FISH, C. J. 1. Under section 5057 of the Civil Code, as amended by the act of December 21, 1897, the affidavit which a defendant is required to make in order to set up, after the time allowed for answer has expired, "any new facts or defense of which notice was not given by the original plea or answer," can not be made by an attorney at law for his client, even though such client be a non-resident of this State.

2. The proposed amendment to the answer, setting forth the substantial allegations sought to be added to the original answer, was sworn to, in another State, by an agent of the non-resident defendant corporation, on January 8, 1909, but no affidavit in regard to the delay was made as required by law; and upon the hearing of the cause on February 4, such amendment to the answer was offered, and, upon objection to its being allowed, a brief additional amendment was also offered, the substance of which was practically covered by the amendment already tendered, which, in effect, only alleged that the plaintiffs had received all to which they were entitled, and the attorney at law of the non-resident defendant made an affidavit to such second proposed amendment in respect to the delay, and sought to make the affidavit cover also the delay in reference to the amendment first tendered. *Held,* that there was no error in rejecting said amendments, and that the presiding judge did not abuse his discretion in declining to allow such amendments to be filed without the affidavit required by the statute.

3. Under the decision of this court in this same case (130 *Ga.* 820 (61 S. E. 977)), and the evidence submitted on the trial under review, the presiding judge, to whom the case was submitted without the intervention of a jury, did not err in finding in favor of the plaintiffs the amount of the certificate, less the amount which they had previously received from the defendant.

*Judgment affirmed. All the Justices concur.*

July 26, 1910.

Action upon insurance policy. Before Judge Charlton. Chatham superior court. April 4, 1909.

*Osborne & Lawrence,* for plaintiff in error.

*Saussy & Saussy,* contra.