## HENDERSON *v.* CURTIS.

No. 12117. JANUARY 15, 1938.

*Noah J. Stone,* for plaintiff. *George S. Peck,* for defendant.

BELL, Justice. Mrs. C. E. Henderson instituted an action against James A. Curtis in the superior court of DeKalb County. The court sustained a demurrer and dismissed the petition, and the plaintiff excepted. The bill of exceptions was returned to the Supreme Court, but it is apparent that the Court of Appeals and not the Supreme Court has jurisdiction. Formal parts omitted, the petition was as follows:

"2. Petitioner and the defendant are brother and sister.

"3. That for some time prior to March 1, 1931, petitioner lived

on Angier Avenue in the City of Atlanta, and the defendant lived with her.

"4. At the time that plaintiff and defendant were living on Angier Avenue the defendant was not married.

"5. During the first part of 1931 the defendant purchased a home consisting of a few acres of land located in the Brookhaven section, on North Decatur Road in said State and county, where the defendant now resides.

"6. At the time of the purchase of this property the defendant was not married.

"7. At the time this property was purchased, defendant and plaintiff agreed they would occupy said property and each contribute their labor and efforts in making it a home, and it would be a home for each of them during the remainder of their lives.

"8. In furtherance of this agreement plaintiff and the defendant began to work clearing the grounds for gardens, building rock gardens, cleaning out and improving the property, building chicken-houses, transplanting fruit-trees and vines as each of them thought necessary to make the premises a comfortable home and to beautify the same, digging a well; and each of them worked contributing their labor and money in furtherance of their agreement as hereinbefore set forth.

"9. That they occupied this home until 1933.

"10. At no time did the defendant indicate any other arrangement was contemplated, except to making a home for each of them as long as they lived.

"11. Petitioner shows that she has spent approximately eleven hundred ($1100) dollars or other large sums of money from her own funds in improving said property; and in addition to this she cooked, laundried, and made a home for the defendant during the time that they lived in said premises.

"12. Petitioner further shows that on or about March 20, 1933, the defendant married, and at this time petitioner was on a visit, and that when she returned home during the latter part of April, 1933, the defendant told her that she had to leave.

"13. Petitioner further shows that a few weeks thereafter she asked the defendant to account to her for the money that she spent upon said property, and he failed to do so.

"14. Petitioner shows that during the time she lived in these

premises she made a home for him; that her work in connection with improving said property was equal to his in value or greater, and that the sum of eleven hundred ($1100) dollars paid from her personal funds is the amount of money contributed in improving said property.

"15. The defendant herein has breached said contract and retained said property and the benefits of her money invested therein, and in equity and good conscience she is entitled to an accounting from the defendant and a judgment for the amount spent by her.

"Wherefore, she prays that process issue, directed to said defendant, requiring him to be and appear at the next term of this court to answer this petition, and that an accounting be had between [the plaintiff] and the defendant, and upon a hearing that she recover of the defendant the sum of eleven hundred ($1100) dollars or other large sums, and that said judgment be made a special lien upon said property."

It is apparent from the foregoing that the jurisdictional question is whether the action is an "equity case." Code, § 2-3005. Where an action is brought in a superior court, which may exercise equity jurisdiction, the question whether it is a suit in equity is determined by the allegations and prayers. *Bernstein* v. *Fagelson,* 166 *Ga.* 281, 287 (142 S. E. 862); *O'Callaghan* v. *Bank of Eastman,* 180 *Ga.* 812, 817 (180 S. E. 847). In the instant case, while the plaintiff alleged that at the time the defendant purchased the indefinitely described real estate it was agreed that he and the plaintiff "would occupy said property and each contribute their labor and efforts in making it a home, and it would be a home for each of them during the remainder of their lives," and that each of them contributed "labor and money in furtherance of their agreement," the plaintiff is not suing for specific performance, nor is she seeking to enforce a trust or other equitable claim against the land. She alleges that she contributed both labor and money, contributing the $1100 "in improving said property," but the only relief sought is an accounting, recovery of $1100 or other large sum, "and that said judgment be made a special lien upon said property." The prayer for an accounting does not necessarily make the case one in equity. An accounting may be had at law, and the allegations do not show sufficient cause for an accounting in equity. Code, §§ 10-102, 37-301; *Burress* v. *Montgomery,* 148

*Ga.* 548 (3) (97 S. E. 538). Nor does the prayer for a "special lien" involve equitable relief, under the allegations made. Compare *Burgess* v. *Ohio National Life Ins. Co.,* 177 *Ga.* 48 (169 S. E. 364). "A suit for the recovery of the value of goods or services alleged to have been furnished to the use and benefit of another seeks to recover money which the defendant ought in equity and good conscience to pay over, and for this reason has been likened to a bill in equity. It is nevertheless a suit on contract, being essentially the same as the common-law action of assumpsit, and is not an equity case." *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646). Whether the plaintiff is suing for the value of services rendered or for the amount of money expended by her, or for both, the suit is not one in equity. The case must be

*Transferred to the Court of Appeals. All the Justices concur.*