ROBERTS *et al.* v. McBRAYER *et al.*

No. 14120.   SEPTEMBER 22, 1942.

608

610

*J. A. Mitchell,* for plaintiffs.
*Ficklen & Pilcher* and *J. Cecil Davis,* for defendants.

JENKINS, Justice. ■ The motion to dismiss the bill of exceptions as containing no sufficient assignment of error is denied. "An exception to the effect that the court erred in overruling a motion for a new trial on the grounds therein stated is equivalent to incorporating each ground of the motion . . in the bill of exceptions and assigning error on it separately;" and this is sufficient to avoid a dismissal of the bill of exceptions, if any ground of the motion for new trial is sufficient. *Binion* v. *Ga. So. & Fla. Ry. Co.*, 118 *Ga.* 282, 285 (45 S. E. 276) ; *Gray* v. *Phillips*, 88 *Ga.* 199 (5) (14 S. E. 205) ; *Rigell* v. *Sirmans*, 123 *Ga.* 455 (51 S. E. 381) ; *Huxford* v. *Southern Pine Co.*, 124 *Ga.* 181 (52 S. E. 439). The motion for new trial contains the general and special grounds, and therefore the general exception that the motion "should have been granted on each and every ground" suffices to prevent a dismissal of the writ of error, irrespective of the sufficiency of other assignments of error.

(*a*) On a previous bill of exceptions in this case, which was taken from "final decrees" while a motion for new trial remained undetermined, this court dismissed the writ of error as premature, but granted leave to treat the copy of that bill of exceptions of file in the trial court as exceptions pendente lite. *Darden* v. *Roberts*, 193 *Ga.* 637, 639 (19 S. E. 2d, 270). The present bill of exceptions from the final judgment refusing a new trial, being taken before the decision of this court granting leave to treat the copy of the former bill of exceptions as exceptions pendente lite, necessarily makes no reference to that decision and contains no such exceptions pendente lite. However, the present bill of exceptions does show other exceptions pendente lite duly taken to antecedent rulings of the court on the pleadings, which rulings controlled the final judgment; and therefore such questions as to the pleadings are now properly before this court for determination.

(*b*) The bill of exceptions now also assigns error on the final decrees as erroneous in themselves, upon grounds stated. Such questions can not be considered, since the present bill of exceptions was not tendered within a sufficient time after the decrees to constitute either good direct exceptions or good exceptions pendente lite; and since this bill of exceptions, tendered as stated before the previous decision of this court, makes no reference to the former bill of exceptions to the final decrees, as exceptions pendente lite.

■ As to the grounds of the demurrers to the brother's cross-action, that there was a misjoinder of parties and no common interest between them with respect to the administrator, he was already a party plaintiff in his suit to recover partnership assets from the brother; and the son of the decedent was likewise a party plaintiff in his equitable suit to cancel the contract with regard to the partnership. Under the averments of the cross-action, the mother-in-law of the decedent also was a necessary party to the relief sought therein; and each of the parties named had a common interest in the matters in controversy with the brother. There is no exception to the ruling consolidating the two suits against the brother, taken in the equity suit brought by one of the plaintiffs in error himself. In granting complete relief to a defendant under his cross-action, equity can make necessary parties. Code, §§ 81-106; 37-1005. With respect to any misjoinder by making the purchaser of the decedent's equity in land from the son a party to the cross-action, the record shows no objection to or attack upon his answer to the cross-action, in which he in effect admitted the averments of the cross-action and sought for himself substantial relief. Nor does the record show any exception to the direction of the verdict and the rendition of the decree in his favor, granting the relief prayed for in his answer. Accordingly, there is no merit in the grounds of demurrer to the cross-action, as showing a misjoinder or improper parties. Furthermore, the failure to object or except to the rulings relating to the making of such parties, the consolidating of the two suits, and the granting of relief to the purchaser as a new party, would in any event render harmless to the plaintiff in error the previous adverse ruling on demurrer as to these matters.

(a) Under the averments in the cross-action, taken with the recital in the pleaded contract between the brother and the son of the decedent, that the brother agreed to pay all the partnership debts and the funeral expenses and a doctor's bill of the decedent, there is no merit in the ground of demurrer to the cross-action that the contract showed no consideration as to the son, the sole heir-at-law of the decedent. Nor, under the averments of the cross-action, is there any merit in the remaining grounds of demurrer, that no benefit to the mother-in-law of the decedent or injury to the brother was shown, as a consideration for her consent to the acts of the son or as a basis for estoppel against her.

(*b*) The court did not err in striking pleas to the jurisdiction, set up in the answers of the administrator and the mother-in-law of the decedent, that they were residents of a county other than that of the suits, since the administrator had already made himself a party by bringing the action against the brother to recover the value of partnership assets; and since the mother-in-law was a necessary party under the allegations of the cross-action; and since the purchaser, as a new party, residing in the county, claimed in his answer and was granted substantial equitable relief; and for the additional reasons stated in the preceding paragraph 2.

■ As to the verdict in favor of the purchaser of the equity in land of the decedent, there is no exception to the direction of such verdict. All of the special grounds in the motion for new trial are confined to alleged errors with respect to the verdict for the brother in his cross-action; and under the general grounds, the verdict for the purchaser being authorized, the court did not err in refusing a new trial as to him.

(*a*) As to the verdict against the decedent's son, on his prayer for a cancellation of the contract between him and the decedent's brother, the court did not err in directing such verdict on the issue as to the validity of such contract, since the testimony failed to show any absence of consideration, or any fact which could legally constitute fraud or mistake; and furthermore showed without dispute subsequent acts by the son which ratified the contract.

(*b*) As to the verdict against the administrator with respect to the partnership assets, his petition against the brother, seeking to recover a full half interest of the decedent therein, without deduction for any excess of the amount drawn by the decedent over that drawn by the brother, alleged that the total value of these assets was the same in amount as that agreed upon by the son and the brother in their written contract. There was no evidence to dispute that the amount agreed in the contract as the excess drawn by the decedent over moneys drawn by the brother was correct. The Code provides that "The surviving partner, in case of death, may control the assets of the firm to the exclusion of the legal representatives of a deceased partner, and he shall be primarily liable to the creditors of the firm for their debts;" that, after all debts are paid, the assets may be divided in kind by disinterested appraisers; and that, before such a division, "Title to personal prop-

erty shall vest in the surviving partners, who have the right to dispose thereof for paying the debts and making distribution." §§ 75-208, 75-209. Accordingly, under the pleading of the administrator, the evidence, and the quoted provisions of the Code, the verdict against the administrator as to the partnership assets was demanded. As to the verdict against the mother-in-law, as alleged sole creditor of the estate, with respect to such assets, the verdict, for the reasons stated as to the administrator, was likewise demanded, although on the issue of estoppel against her as to the partnership assets the conflicting evidence authorized but did not demand a finding against her.

(c) As to the verdict against the mother-in-law with respect to the land deeded by the son to the brother in settlement of the son's liability as fixed in the contract, the verdict was demanded under the undisputed evidence that she consented in writing to this deed. As to the verdict against the administrator with respect to this land, the verdict was also demanded. This is true for the reason that, on the death intestate of an owner of realty, "the title shall vest immediately in his heirs at law, subject to be administered by the legal representative, . . for the payment of debts and the purposes of distribution" (Code, § 113-901); and while "the right to the possession of the whole estate" and "the right to recover possession . . from third persons is solely" in the administrator (§ 113-907), yet, in order to be entitled to such a recovery of land against an heir or a purchaser from the heir, the administrator must show "either that the property . . has been in his possession, and without his consent is . . held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution." § 113-908. There was no evidence that the administrator was ever in possession of this tract, deeded by the son as sole heir to the brother of the decedent, or that its recovery from the brother would be necessary to pay debts or expenses of administration, other than the claim of the mother-in-law, whose rights, as a party to this case, were adversely adjudicated with reference to this tract. Nor was there any evidence that other assets of the estate did not exist, sufficient to complete the administration.

Furthermore, the verdict against the administrator, both as to this tract and as to the partnership assets, and the injunction

against his interference with such properties, could not operate to interfere with his rights as administrator in the due administration of the estate, and his duty to protect any creditors other than parties to the case, since the relief granted to the brother in his cross-action was expressly conditioned on "the absence of valid claims being filed with the said administrator" by persons "other than parties to the case," and was made inapplicable to "property that may be subject to [his] legal demands."

(*d*)  Under the preceding rulings as to the direction of verdicts for the purchaser of the equity of the decedent, and for the brother against the son as to the cancellation of the contract relating to the partnership, the court did not err in charging that the contract was valid and binding, and that the jury were not concerned with the purchaser of the equity, since the court had directed a verdict in his favor, which the record shows had been rendered by a jury different from the one rendering the verdict in favor of the brother in his cross-action.

(*e*)  On the issue of estoppel as to the mother-in-law of the decedent, as raised by the pleadings and the evidence, the court did not err in charging, in the language of the Code, § 38-409, that "Acquiescence or silence, when the circumstances require an answer or denial or other conduct, may amount to an admission;" or in charging that, if the jury should "find that she had knowledge of the contract [between the son and the brother] and acquiesced in it at the time it was made, . . then you would not be authorized to find a verdict in her favor."

(*f*)  In the remaining special grounds, exception is taken to an instruction of the jury, that: "If you find, under the evidence in this case, that the partnership had already been wound up and left no indebtedness so far as [the named mother-in-law of the decedent] is concerned, then in that event [the person named] acting as administrator would have no claim." Exception is also taken to another instruction that·"In a partnership the individual property of each partner . . is subject to the debts of the partnership; that is, provided first the partnership assets are not equal to the amount of the claim." Whether or not the quoted excerpts constituted erroneous, inaccurate, or· inappropriate statements of the law applicable to the issues raised by the pleadings and the evidence, as contended in these grounds, and whether either charge

was prejudicial to the plaintiffs in error, the exceptions show no ground for a reversal, since they relate to the partnership assets, as to which, under the preceding rulings, the verdict for the brother was demanded.    *Judgment affirmed.    All the Justices concur.*