RICHARDSON *v.* HAIRRIED.

No. 15913.   SEPTEMBER 5, 1947.

*T. J. Lewis* and *Kelley, Hamrick & Coogler,* for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The first question to be disposed of is whether the trial judge erred in disallowing the two proffered amendments to the answer. In this State the right of either party to amend pleadings is very broad, and the practice of allowing them is liberal. *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126). "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as a matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. A defendant may, after the time allowed for answer has expired, by amendment change, alter, or modify his original answer (*Phelps* v. *Daniel,* 86 *Ga.* 363 (3), 12 S. E. 584; *Massengale* v. *Pounds,* 108 *Ga.* 762, 33 S. E. 72; *Wynn* v. *Wynn,* 109 *Ga.* 255, 34 S. E. 341; *Georgia Railroad & Banking Co.* v. *Gardner,* 113 *Ga.* 897 (2), 39 S. E. 299; *Alabama Midland Ry. Co.* v. *Guilford,* 114 *Ga.* 627, 40 S. E. 794), and in addition may set up new, distinct, and even contradictory defenses of which notice was not given in the original answer (*Stanton* v. *Burge,* 34 *Ga.* 435; *Hagerstown Steam Engine Co.* v. *Grizzard,* 86 *Ga.* 574 (2), 12 S. E. 939; *Mendel* v. *Miller,* 134 *Ga.* 610 (2), 68 S. E. 430; *Estill* v. *Estill,* 147 *Ga.* 358, 94 S. E. 304; *United States Fidelity &c. Co.* v. *Clarke,* 187 *Ga.* 774, 2 S. E. 2d, 608), if the defendant attaches an affidavit "that at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay, and that the amendment is not offered for delay," as provided in the Code, § 81-1310. The affidavit required by this section, however, is one to be made personally by the defendant and not by his attorney or some other person for him. *Royal Fraternal Union* v. *Hall,* 134 *Ga.* 843 (68 S. E. 728). In the instant case, neither of the amendments offered was personally verified by the defend-

ant, though present in court during the trial. One was verified by his attorney, the other by his daughter-in-law. The record does not disclose what objection to or attack was made upon the two proffered amendments to the original answer; and since it is the duty of a plaintiff in error to show error, this court will assume that the trial judge properly refused their allowance as amendments to the defendant's answer for any good reason, including the absence of the accompanying affidavit required by law. *Campbell* v. *Gormley*, 184 *Ga.* 647, 650 (192 S. E. 430). In *White* v. *Little*, 139 *Ga.* 522 (77 S. E. 646), this court said: "The burden of showing error rests on the excepting party. If he excepts to the refusal to allow an amendment, and does not show the ground or grounds of objection made to it in the trial court, the refusal to allow it will not be held to be error if its rejection appears to be proper for any reason. The presumption will be that the trial court rejected it for a proper reason, if there is one." And this court again, in *Sewell* v. *Anderson*, 197 *Ga.* 623 (30 S. E. 2d, 102), held the same. Since, in the case at bar, the failure to attach to the amendments a proper affidavit as required by law constitutes a valid reason for their disallowance, and since the record is silent as to whether or not the proffered amendments were objected to, or demurred to, and if so, on what grounds, it will be presumed by this court that the trial judge rejected them because of the failure to attach a proper affidavit, and for that reason his judgments of disallowance are not erroneous.

■ The plaintiff's evidence demanded the verdict which was rendered in his favor, and this being true, it is unnecessary to consider whether the charge of the court is open to any of the criticisms made upon it. *White* v. *Southern Ry. Co.*, 123 *Ga.* 353 (4) (51 S. E. 411); *Poole* v. *Atlanta Joint Stock Land Bank*, 189 *Ga.* 59 (5 S. E. 2d, 368); *Lunsford* v. *Armour*, 194 *Ga.* 53 (20 S. E. 2d, 594).

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*