## ADLER *et al.* v. ADLER.

WYATT, Justice. The prayers of the petition in the instant case are that: "(a) Process issue in terms of the law requiring the defendants to answer this petition as provided by law. (b) The defendants be required to file their defensive pleadings in said matter not later than 20 days after the service of this petition upon them. (c) The court enter judgment in said matter declaring her rights to be that she is entitled to purchase the said real estate if she makes the highest and best offer therefor, and that the property should be sold to the person, whomsoever it may be, who makes the highest and best offer for same, and that it is the duty of the coexecutor to sell the property at the highest price obtainable. In the event the court determines that said

# 364

property should be sold at public outcry, petitioner prays that in said order the court provide that said bidding begin with the offer herein made by petitioner to purchase the property for $70,000, and that said order further provide that the property be sold to her if she makes the highest offer. (d) The petitioner have such other and further relief as to the court may seem just and proper." A mere reading of the prayers of the petition as above quoted will demonstrate that this is not a case requiring equitable relief, and none is prayed for. "An action brought under the Declaratory Judgments Act (Ga. L. 1945, p. 137) is not an equitable proceeding per se . . Nor is a declaratory judgment proceeding one which involves an extraordinary remedy within the meaning of the Constitution." *Felton* v. *Chandler,* 201 *Ga.* 347 (39 S. E. 2d, 654). Nor does the decision in the instant case require a construction of the will of the deceased; nor is there any other reason appearing which brings this case within the jurisdiction of this court. Accordingly, the Court of Appeals and not this court has jurisdiction of this case.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17973. ARGUED SEPTEMBER 8, 1952—DECIDED OCTOBER 14, 1952.

*Hitch & Harrison* and *Connerat, Dunn, Hunter, Cubbedge & Houlihan,* for plaintiffs in error.

*Brannen, Clark & Hester* and *Jenkins & Oliver,* contra.