19132. MILES *v.* WILSON.

Argued October 11, 1955—Decided November 14, 1955.

*Carter, Latimer & Savell,* for plaintiff in error.

*Candler, Cox, McClain & Andrews, Wright Gellerstedt,* contra.

Wyatt, Presiding Justice. The act of the General Assembly creating the City Court of Decatur provides that, as to the classes of cases over which the court was to have jurisdiction, the court was to have jurisdiction which should be, "concurrent with the superior court of said county, except such civil courses [sic] of action and such criminal cases, the jurisdiction of which is exclusively conferred by the Constitution and laws of this State upon the superior court." Ga. L. 1922, p. 248. The Constitution of this State confers exclusive jurisdiction in equity cases upon the superior courts. See Code (Ann.) § 2-3901.

This court in *Radcliffe & Lamb* v. *Varner & Ellington, 56 Ga.* 222, 224, said: "Now could May have been made a party at common law? We know of no process by which he could. Provision is made in equity for such cases, but none that we are aware of at law." Again in *Waters* v. *Perkins, 65 Ga.* 32, this court said:

".  .  .  a court of law cannot make new parties to a cause". See also *Brown* v. *Boynton*, 69 *Ga.* 754. "Where a plaintiff, a non-resident of this State, sues a resident defendant in a court of law which has no power to make new parties to the action, a court of equity, on a proper case made, will enjoin the proceedings at law so that full relief may be afforded the defendant in the action at law." *Commercial Credit Corp.* v. *Davis*, 207 *Ga.* 562 (63 S. E. 2d 353).

Since, under the allegations of the petition under review, John Miles is a necessary party in order to try and dispose of all the issues between the parties, and since he is not a party to the suit at law pending in the City Court of Decatur, and since a court of law is without authority to make him a party, it was not error to grant the temporary injunction in this case.

*Judgment affirmed. All the Justices concur.*