20630, 20672. HARPER *et al.* v. GUNBY *et al.,* Commissioners; and *vice versa.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959— REHEARING DENIED NOVEMBER 4, 1959.

*Hardin, McCamy & Minor, Fulcher, Fulcher, Hagler & Harper*, for plaintiffs in error.

*Adams & McDonald, Sam Calhoun, D. W. Mitchell, Pittman, Kinney & Pope, Frank Fuller, James M. Sibley, Spalding, Sibley, Troutman, Meadow & Smith*, contra.

ALMAND, Justice. The main bill of exceptions assigns error: (a) on the overruling of the general and special demurrers of the five defendants, John C. Harper et al. (who are the plaintiffs in error) to the petition; (b) certain interlocutory orders; (c) the final decree; and (d) denial of their motion for new trial.

The cross-bill of exceptions assigns error on the order denying the plaintiffs' motion to dismiss the motion for new trial.

Eugene Gunby and four other individuals, as the Board of Commissioners of the Ordinaries Retirement Fund of Georgia, filed their equitable petition in the Superior Court of Murray County against W. W. Keith, the qualified and acting Ordinary of Murray County. The petition also named as defendants John C. Harper, Henry L. Thomas, M. F. Moody, R. W. Goody, and W. L. James, retired ordinaries and nonresidents of Murray County; some 163 other individuals designated as ordinaries and retired ordinaries, all nonresidents of Murray County; 19 federal savings & loan associations; and one national bank, all residents of counties other than Murray.

It was alleged that the defendants Harper et al. (the plaintiffs in error) had initiated and were prosecuting a suit in the Superior Court of Richmond County against the 19 federal savings & loan associations and the national bank, in which the plaintiff board had invested the ordinaries' funds, and were seeking to deprive the board of its duties and powers to manage and control such funds and had obtained the appointment of a receiver for the funds in the hands of said associations and bank. It was further alleged that controversies existed between the plaintiff board and all the ordinaries, active and retired, as to the rights of the several classes of members in the retirement funds, and as to the validity of several acts of the legislature dealing with the operation of the retirement funds.

The prayers of the petition were: (a) that the defendants Harper et al. (the plaintiffs in error) be enjoined and restrained

from prosecuting the suit in Richmond Superior Court, and the defendant loan associations and the defendant bank be restrained from defending the litigation; (b) that the court declare the rights of the parties under the acts of the legislature creating the Ordinaries Retirement Board, and that petitioners be directed as to their future conduct with reference to all controversies alleged in the petition, and the disposition of the funds; (c) an allowance of reasonable attorneys' fees; (d) for general relief; and (e) for process.

On the trial, after the introduction of evidence, the court directed a verdict in favor of the plaintiffs; permanently enjoined the plaintiffs in error from further prosecuting the suit in the Superior Court of Richmond County; and entered a judgment declaring the rights of the parties in the retirement fund. The motion of Harper et al. for a new trial was denied.

■ The defendant in error, Board of Commissioners, has filed a motion to dismiss the writ of error because all proper parties and all parties to said suit interested in upholding the judgment have not been named in the bill of exceptions. The motion does not name the parties who should be served or who are interested in upholding the judgments complained of. The record discloses that the defendants in error and two defendants, Keith and Williams, who filed defensive pleadings in the case, were named in the bill of exceptions and served with a copy of the bill.

The plaintiffs in error assign error on the overruling of their general demurrer. "Where a petition is filed against several defendants, and a separate demurrer thereto by one or more of them is overruled, the remaining defendants need not be made parties to, or be served with a copy of, a bill of exceptions assigning as error the overruling of the demurrer mentioned." *Jones* v. *Hurst,* 91 *Ga.* 338 (1) (17 S. E. 635). See *Williams* v. *Mann,* 188 *Ga.* 212 (3 S. E. 2d 557).

As will be seen from our rulings in the next two divisions of the opinion, the trial court should have sustained the general demurrers, and to review such rulings the remaining defendants are not necessary parties to the bill of exceptions. Therefore, it is unnecessary for us to examine the record to determine whether direction should be given by this court, under Code § 6-1202

as amended by the act of 1957 (Ga. L. 1957, p. 224), for service on other parties not named in the bill of exceptions. The motion to dismiss is denied.

■ The general demurrer of the plaintiffs in error raised the question of the jurisdiction of the court to grant the relief sought. *Mullally* v. *Mullally*, 199 *Ga.* 708 (2) (35 S. E. 2d 199). The only equitable relief sought was against the nonresident defendants who were parties to the Richmond County suit. Under our Constitution (Art. 6, Sec. 14, Par. 3; Code, Ann., § 2-4903) and Code § 3-202, equity cases must be tried in the county where a defendant resides against whom substantial equitable relief is prayed. *Wright* v. *Trammell*, 176 *Ga.* 84 (166 S. E. 866). In the instant case, no substantial equitable relief being prayed against the defendant Keith, the only defendant who was a resident of Murray County, and the only defendants against whom substantial equitable relief was prayed being nonresidents of Murray County, the Superior Court of Murray County was without jurisdiction to entertain the equitable petition and should have sustained the general demurrer. *Bradley* v. *Burns*, 188 *Ga.* 434 (4 S. E. 2d 147); *First Nat. Bank of Atlanta* v. *Holderness*, 189 *Ga.* 819 (2) (7 S. E. 2d 682).

■ Nor did the court have jurisdiction to entertain the case for a declaratory judgment. All of the parties defendant except Keith were nonresidents of Murray County. Under the above ruling, the equitable feature of the case is removed, leaving the action solely one at law under the Declaratory Judgment Act (Ga. L. 1945, p. 137; Code, Ann., § 110-1101). *Adler* v. *Adler*, 209 *Ga.* 363 (72 S. E. 2d 714).

The venue of such an action is in the county where the defendant resides (Art. 6, Sec. 14, Par. 6; Code, Ann., § 2-4906). The nonresident defendants in this case not being of the class of persons who may be sued in counties other than the counties of their residence as permitted in paragraphs 4 and 5 of Section 14, Article 6 of the Constitution (Code, Ann., §§ 2-4904, 2-4905), the court was without jurisdiction to enter a declaratory judgment as to their rights.

■ The cross-bill of exceptions assigns error on the order denying their motion to dismiss the plaintiffs-in-errors' motion

for a new trial. Error being assigned on a final judgment, and this court having ruled that the court erred in not sustaining the general demurrer, it is unnecessary to determine whether the court erred in not dismissing the motion for new trial. Code §§ 6-701, 6-804; *Lowe* v. *Burke*, 79 *Ga.* 164 (3 S. E. 449).

■   The court having erred in overruling the general demurrer all further proceedings were nugatory.

*Judgment on main bill of exceptions reversed. Cross-bill of exceptions dismissed. All the Justices concur.*