38569. STEERMAN v. SMITH *et al.*

DECIDED DECEMBER 5, 1960.

810

*Preston L. Holland,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Scott Walters, Jr., Harry J. Mehre, Jr., Wm. W. Cowan,* contra.

FELTON, Chief Judge. *Code* § 81-1305 provides: "In all suits by or against partners, or where any two or more persons shall sue or be sued in the same action, and the name of any person who ought to be joined in such action as plaintiff or defendant shall be omitted, the omission may, on motion, be supplied by adding the proper party instanter." This section does not mean that one defendant can make a defendant another party, who is liable over to him. The facts in the case of *Frost v. Smith,* 148 Ga. 840 (98 S. E. 471) relied on by the plaintiff, are not comparable to the facts of the present case. In the *Frost* case, Frost was the administrator of the estate of his brother who before his death had been the original defendant. By amendment the administrator was made a party individually. In that case, however, Frost had attempted to set up his individual interest in land which was the subject of the earlier litigation against the estate.

*Code* § 81-1303 provides: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." Directly in point and controlling the instant case is the case of *Hamner v. Johnson,* 100 Ga. App. 1 (109 S. E. 2d 881), wherein it was

stated: "We know of no authority of law and none has been cited by the plaintiff in error, to the effect that in a law case such as this a party defendant could be added on petition of an existing defendant."

The transfer of the case to this court by the Supreme Court precludes the application of the equity rule as to making parties. Therefore, the court did not err in sustaining the defendant's motion to set aside the judgment and in overruling the plaintiff's motion for rehearing.

*Judgment affirmed. Nichols and Bell, JJ., concur.*