41555. UNITED STATES FIDELITY & GUARANTY COMPANY v. LUTTRELL.

SUBMITTED OCTOBER 6, 1965—DECIDED FEBRUARY 23, 1966.

*Marson G. Dunaway, Jr.,* for plaintiff in error.

*Robert Edward Surles,* contra.

BELL, Presiding Judge. ■ Plaintiff filed a motion in the trial court to set aside a portion of the court's order on remittitur taxing against plaintiff the costs of appeal in *U. S. Fidelity &c.*

*Co. v. Luttrell,* 108 Ga. App. 606, supra. After a hearing, the trial court, on June 22, 1964, entered an order which recited that defendant had not secured a substantial modification of the judgment appealed from and which modified the previous order by deleting the portion taxing costs of appeal against plaintiff. In the former case, the judgment of the trial court was affirmed in part and reversed in part. Plaintiff in error obtained a judgment of reversal of the trial court's order over-ruling special demurrers to allegations of the petition seeking to recover attorney's fees for prosecuting the suit against the surety. While this was not a complete reversal, it did amount to a substantial modification of the judgment of the trial court. Where, as here, the result of an appeal from a judgment on demurrers was the reduction of the recovery sought, or the re-duction of elements of damages alleged, it cannot fairly be said that this result was not a substantial modification. It has been held many times that a judgment of reversal is not essential for the recovery of costs by the plaintiff in error; if he obtains a substantial modification of the judgment complained of, he is entitled to the costs of bringing the case to the appellate court. *Hartley v. Hartley,* 212 Ga. 62 (1) (90 SE2d 555) and citations.

The trial court erred in vacating the judgment for costs of appeal which had been entered as a part of its judgment on remittitur.

■ Plaintiff objected to defendant's amendment to its answer for failure to attach an affidavit in compliance with *Code* § 81-1310. "In the affidavit attached to the proposed amendment, the defendant did not swear that 'at the time of filing the original plea or answer he did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay,' but merely swore that the amendment was 'not offered for delay.' The judge was not bound to allow the amendment, and it is clear that there was no abuse of discretion in disallowing it." *Beacham v. Wrightsville &c. R. Co.,* 125 Ga. 362, 368 (54 SE 157); *Richardson v. DuPree,* 32 Ga. App. 3 (1) (122 SE 707); *Walker v. McMillen,* 83 Ga. App. 257, 259 (63 SE2d 250). Moreover, the affidavit here failed in another respect, in that it

■

was made by defendant's attorney at law, rather than by defendant through proper corporate authority. *Royal Fraternal Union v. Hall,* 134 Ga. 843 (1) (68 SE 728); *Richardson v. Hairried,* 202 Ga. 610, 614 (44 SE2d 237). Defendant's exception to the trial court's order disallowing the amendment shows no error.

■ A party defendant cannot be added on application of an existing defendant in an action at law. *Code* § 81-1303; *Radcliffe & Lamb v. Varner & Ellington,* 56 Ga. 222, 224; *Waters v. Perkins,* 65 Ga. 32, 34; *Miles v. Wilson,* 212 Ga. 60 (90 SE2d 568); *Hamner v. Johnson,* 100 Ga. App. 1, 3 (109 SE2d 881); *Steerman v. Smith,* 102 Ga. App. 809, 810 (118 SE2d 120). The trial court did not err in denying the defendant surety's application to make his principal a party defendant.

■ "According to the practice in this State, the failure of the plaintiff to support some of the allegations in his declaration by evidence, is no reason why the allegations should be stricken out on motion of counsel for the defendant." *Georgia Hydratane Gas, Inc. v. White,* 110 Ga. App. 826 (3) (140 SE2d 129); *Andrews v. Andrews,* 85 Ga. 276, 282 (1) (11 SE 771); *Richmond &c. R. Co. v. Worley,* 92 Ga. 84, 87 (1) (18 SE 361). Defendant's exceptions to the denial of its motion to strike certain allegations in plaintiff's petition which defendant contended were not supported in the evidence are without merit.

■ Special grounds 1, 2, 3, 4, and 5 of the motion for new trial make various complaints against extracts from the charge of the court. The charge of the court is not in the record, and was not specified in the bill of exceptions as a necessary part of the record. Therefore, these grounds will not be considered. *Bowman v. Bowman,* 210 Ga. 259 (2) (78 SE2d 801); *Otwell v. Forsyth County &c. Assn.,* 210 Ga. 482, 488 (4) (80 SE2d 790).

■ Defendant's exceptions to the court's refusal to direct a verdict on certain issues are without merit. It is never error to refuse to direct a verdict. E.g., *Guest v. Baldwin,* 104 Ga. App. 809, 811 (123 SE2d 194).

■ The general grounds of the motion for new trial, not having been argued either by brief or orally, are treated as

abandoned. *Savannah News-Press v. Hartridge,* 110 Ga. App. 203, 205 (138 SE2d 173).

The error discussed in Division 1 of the opinion will not require a new trial. The trial court is directed to enter judgment taxing against plaintiff the costs of the previous appeal decided in *U. S. Fidelity &c. Co. v. Luttrell,* 108 Ga. App. 606, supra.

*Judgment affirmed on all other grounds. Frankum and Hall, JJ., concur.*