42800. LUMBERMENS MUTUAL CASUALTY COMPANY
v. MOODY et al.

42801. HOME INDEMNITY COMPANY et al. v.
MOODY et al.

Argued May 3, 1967—Decided June 13, 1967.

4

*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellant (case No. 42800).

*Richardson, Doremus & Karsman, Stanley Karsman, Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, II,* for appellees.

*Bouhan, Lawrence, Williams & Levy, Walter C. Hartridge, II,* for appellants (case No. 42801).

*Richardson, Doremus & Karsman, Stanley Karsman, Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell,* for appellees.

EBERHARDT, Judge. This is a case involving important questions of automobile liability insurance law which have been fully briefed and argued before this court and which must ultimately be answered before this litigation can be brought to a conclusion. For example, in determining whether there was coverage under the Home policy issued to Coastal Oil there is the question of whether a permittee (assuming, but not deciding,

that Moody had Coastal's permission to take the truck on this trip) could pass the permission along to another without any specific prior authorization from its owner; and in determining whether there was coverage under Lumbermens' policy issued to Moran there are the questions as to whether the pickup truck is a non-owned automobile within the definition of that term in the policy, and, if so, whether any coverage was afforded while he operated the truck without permission of the owner. If these hurdles can be cleared there lurks the question of where primary coverage lies. However, the parties have punched and jabbed at each other procedurally and they demand that we now inspect the wounds to see whether this particular fight must be stopped.

■ Lumbermens contends that its general demurrers to the Moodys' petition for declaratory judgment should have been sustained because the rights of the parties have accrued and the Moodys are under no risks of any future undirected action which might jeopardize their interests. The argument is that since the Moodys have already obtained judgment against Moran, and Lumbermens' policy with Moran is one insuring against liabilities rather than one of indemnity, the Moodys need only institute garnishment proceedings against Lumbermens under the ruling in *Hodges v. Ocean Acc. &c. Corp.*, 66 Ga. App. 431 (18 SE2d 28), whereupon Lumbermens would deny the indebtedness, the Moodys would traverse the answer, and an issue could be made of whether or not there was coverage under Lumbermens' policy.

We must agree, and we hold that Lumbermens' general demurrer should have been sustained. The Moodys, according to the allegations and prayers of their petition, seek only to litigate the question of Lumbermens' liability under its policy with Moran, against whom they have already obtained judgment. Whatever rights the Moodys may have against Lumbermens have already accrued and may be enforced in garnishment proceedings, and there are simply no allegations in the petition to show a necessity for a declaratory judgment to protect and guide them from uncertainty and insecurity with respect to the propriety of some future act or conduct. "While, under Ga. L.

1959, p. 236, amending the Declaratory Judgments Act (Ga. L. 1945, p. 137; *Code Ann.* § 110-1101 et seq.), by adding thereto Section 1 (c), one is not precluded from obtaining relief by declaratory judgment merely because the complaining party has other adequate legal or equitable remedy or remedies, yet 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated.' *Rowan v. Herring,* 214 Ga. 370, 374 (105 SE2d 29), and cases there cited. And where, as here, the petition shows that the rights of the parties have already accrued and no facts or circumstances are alleged which show that an adjudication of the plaintiffs' rights is necessary in order to relieve the plaintiffs from the risk of taking any future undirected action incident to their rights, which action without direction would jeopardize their interests, the petition fails to state a cause of action for declaratory judgment." *Pinkard v. Mendel,* 216 Ga. 487 (2) (117 SE2d 336); *State Hwy. Dept. v. Ga. Southern &c. R. Co.,* 216 Ga. 547 (2) (117 SE2d 897); *Dunn v. Campbell,* 219 Ga. 412, 414-415 (134 SE2d 20). Accord: *Holcomb v. Bivens,* 103 Ga. App. 86 (118 SE2d 840); *Gant v. State Farm Mut. Auto. Ins. Co.,* 109 Ga. App. 41 (134 SE2d 886); *Travelers Indem. Co. v. Hood,* 110 Ga. App. 855 (2) (140 SE2d 68).

Since we reverse on the overruling of Lumbermens' general demurrers, it is unnecessary to consider its special demurrers.

■ The Moodys' petition seeks a declaratory judgment that Lumbermens is liable under its policy; Lumbermens' cross petition sets up various matters to show that it is not so liable and seeks a declaratory judgment to that effect. Since Lumbermens sets up matter germane to the allegations and prayers of the original petition and asks the court to declare that it has no liability under its policy, the cross petition does not fall with the dismissal of the original on demurrer. "Where a cross bill seeks relief germane to the original petition, the dismissal of the petition on demurrer will not result in the dismissal of the cross action." *Horton v. Harvey,* 219 Ga. 265, 266 (2) (133 SE2d 35).

■ Coastal and Home Indemnity enumerate as error the overruling of their general demurrers to the cross petition, contend-

ing that they could not be added as new parties defendant to the declaratory judgment proceeding which is an action at law. Lumbermens contends, however, that its cross petition for declaratory judgment is an equitable proceeding and that it is authorized under *Code* § 81-106 and *Roberts v. McBrayer,* 194 Ga. 606 (22 SE2d 165) to make new parties defendant. It has been suggested that if it is correct about this we should transfer the appeal to the Supreme Court. Let us see.

Pretermitting the matter of whether there should be a transfer when no equity is involved in the main appeal—only in the cross appeal—we move to a consideration of whether there is any equity in the cross bill. The Declaratory Judgments Act (Ga. L. 1945, p. 137, as amended by Ga. L. 1959, p. 236; *Code Ann. Ch.* 110-11) does not by its terms authorize the adding of new parties defendant to a cross petition for declaratory judgment. In fact Coastal and Home Indemnity point out that the portion of Section 11 of the Uniform Declaratory Judgments Act which provides for the making of parties is omitted from the Act, while the provision is included in the codes of the states which have adopted the Uniform Act in its entirety, as for example South Carolina in its Code § 10-2008.

It is well settled that a declaratory judgment proceeding may be an action at law (e.g., *Harper v. Gunby,* 215 Ga. 466, 469 (3) (111 SE2d 85)), and, in the absence of specific statutory authority, new parties defendant cannot be made by a defendant in an action at law. *Miles v. Wilson,* 212 Ga. 60 (90 SE2d 568); *Hamner v. Johnson,* 100 Ga. App. 1 (109 SE2d 881); *Steerman v. Smith,* 102 Ga. App. 809 (118 SE2d 120); *U. S. Fidel. &c. Co. v. Luttrell,* 113 Ga. App. 176, 178 (3) (147 SE2d 647). *Code* §§ 81-106 and 37-1005, and *Roberts v. McBrayer,* 194 Ga. 606, 613 (2), supra, apply only to equity cases. *Hamner v. Johnson,* supra.

But it is Lumbermens' contention that the cross petition is itself an equitable proceeding over which equity should take jurisdiction in order to prevent a multiplicity of suits. It is our understanding, however, that if a suit is originally brought at law, new parties cannot be made by the defendant even though he may plead an equitable defense or show that new parties

are necessary in order to afford him full relief. Cf. *Radcliffe & Lamb v. Varner & Ellington*, 56 Ga. 222; *Waters v. Perkins*, 65 Ga. 32 (1); *Brown v. Boynton*, 69 Ga. 754 (1); *Miles v. Wilson*, 212 Ga. 60 (90 SE2d 568).

Even if we are wrong in this we are nevertheless convinced that the cross petition does not fall within the jurisdiction of equity so that new parties defendant could be made. "In determining whether an action brought in the superior court is in equity or at law both the allegations and the prayer must be examined." *Sutker v. Pennsylvania Ins. Co.*, 223 Ga. 58 (153 SE2d 540); *Henderson v. Curtis*, 185 Ga. 390, 392 (195 SE 152). "[T]he rule is that in order for an action to be treated as one in equity the pleader must allege or seek to allege such a cause of action as is cognizable only in a court of equity, according to the historical jurisdiction of such courts as modified by statute, as distinguished from those causes of action which are cognizable at law; *and the prayers or some of them must be such as are appropriate to equitable relief in the particular situation.*" *Regal Textile Co. v. Feil*, 189 Ga. 581, 584 (6 SE2d 908), and citations. (Emphasis supplied). This rule is applicable in a declaratory judgment action (*Adler v. Adler*, 209 Ga. 363 (72 SE2d 714)), which, absent appropriate prayers for specific equitable relief, is itself but an action at law. *Felton v. Chandler*, 201 Ga. 347 (39 SE2d 654). We must apply it in determining whether the equitable powers of the court are invoked by Lumbermens' "cross petition for a declaratory judgment or action in the nature of a cross bill," and, as we shall see, it does not measure up.

In this pleading as originally filed Lumbermens sets up that it is not liable under its policy because Moran was driving a "non-owned" vehicle without the permission of its owner; but, on the other hand, it is contended that if Moran did have permission, then Home Indemnity has the primary coverage under its "omnibus" clause which would be adequate to satisfy the judgments obtained by the Moodys. A petition for the construction of an insurance policy presents no more than an action at law. *Berry v. Travelers Ins. Co.*, 190 Ga. 772 (10 SE2d 753). The prayers are: "That this cross petition for declaratory

judgment or action in the nature of a cross bill be allowed"; that Moran, Coastal and Home Indemnity be made parties defendant and served with process; that the court issue a declaratory judgment that Lumbermens' policy affords no coverage and that it is not liable for the judgments obtained against Moran; and for "such other and further relief." Certainly the allegations and prayers of this pleading as originally filed do not invoke equity jurisdiction.

By amendment it is alleged that Moran contends he was covered by Lumbermens' policy and has threatened to sue for breach of contract; that Home Indemnity has denied coverage of Coastal and a breach of contract suit would be necessary before its coverage could be determined; that in order to avoid a multiplicity of suits Lumbermens "has brought this equitable cross petition for declaratory judgment so that the rights of the parties can be declared and so that this case can be adjudicated at one time and place without the necessity of several suits which would be expensive and time-consuming."

Thus the amendment does nothing more than characterize the cross petition as being "equitable" on the ground of avoiding a multiplicity of suits. "While avoidance of a multiplicity of suits may, in a proper case, be considered as an independent ground of equitable jurisdiction, and not a mere auxiliary to other equities present [citations omitted], it does not alone create an equitable cause of action, regardless of other circumstances." *Dobbs v. Federal Deposit Ins. Corp.*, 187 Ga. 569, 572 (1 SE2d 672). "While avoidance of a multiplicity of actions may in a proper case authorize the intervention of equity, it alone does not create an equitable cause of action regardless of other considerations." *Ehrlich v. Teague*, 209 Ga. 164, 166-167 (71 SE2d 232).

Moreover, in order to proceed in equity on the ground of avoiding a multiplicity of actions it must appear that there is involved "a question common to all" of the parties. *Southern School Book Depository v. Ginn & Co.*, 135 Ga. 733 (70 SE 569); *Dobbs v. Federal Deposit Ins. Corp.*, 187 Ga. 569, 572, supra; *Code* § 37-1001. There is no question common to all of the parties sought to be made by Lumbermens' cross action. No facts are

pleaded, and there is no contention made that Moran was a servant or agent of Coastal Oil or that for any reason Coastal Oil could be held under the judgments which the Moodys obtained against Moran. It is contended that *if* Moran had permission from Coastal Oil to operate the vehicle its insurer, Home Indemnity, might be held under the permissive use provision of its policy issued to Coastal Oil. In a somewhat similar situation the Supreme Court observed in connection with a petition for injunction and other relief against North Georgia Electric Company and several others: "The North Georgia Electric Company was not concerned with the injunction sought against the prosecution of the forcible-detainer proceeding instituted by Demore. It was wholly immaterial whether in that case Demore should win or lose. The judgment would not affect that company in the least." *White v. North Ga. Elec. Co.*, 128 Ga. 539, 543 (58 SE 33). The judgment which the Moodys obtained here can not affect Coastal Oil in the least, nor would a construction of the Home Indemnity policy. There is no "one common right" to be established against the several parties; no common right is asserted against Coastal Oil, Home Indemnity and the Moodys. There is no equity in the cross action, nor is there a prayer for equitable relief. And since there are no allegations sufficient to make it an equitable case, even if there were prayers for equitable relief these would not accomplish it. *Alderman v. Crenshaw*, 208 Ga. 71 (65 SE2d 178).

Under the pleading as amended no equitable relief is sought, and the amendment adds nothing to what it was before—a cross petition for declaratory judgment, cognizable at law. Hence the power of equity could not be invoked to make new parties defendant to this action at law even if equity has such power, and the general demurrers of Coastal and Home Indemnity should have been sustained.

■ The sustaining of the general demurrers of Lumbermens, Coastal and Home Indemnity leaves pending only the cross petition of Lumbermens against the Moodys and Moran, under which the only question that could be adjudicated is whether there was coverage of Moran under Lumbermens' policy at the time he was driving the truck. For the same reasons urged by

Lumbermens in support of its general demurrer to the Moodys' petition, developed in Division 1 of this opinion, its cross petition fails to state a cause of action for declaratory judgment as to the Moodys and Moran. For where an insurance company denies liability under its policy and seeks a declaratory judgment, praying specifically only that the court declare whether or not it is liable on the policy, its petition is subject to dismissal on general demurrer because no necessity of a decision to relieve the company from uncertainty and insecurity is shown. *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620 (115 SE2d 271). Here Lumbermens defended Moran under a reservation of rights agreement, and the Moodys have already obtained judgment against Moran for which Lumbermens has denied liability. Since the rights of the parties have accrued and there is no necessity for a declaratory judgment, we have no authority, nor did the trial court, to pass upon the questions involved in the motions for summary judgment.

This fight is thus brought to a halt, with a technical knockout to both sides. The questions suggested in the opening paragraph of this opinion must await another day.

*Judgments reversed with direction that the entire case be dismissed. Bell, P. J., Jordan, P. J., Hall, Pannell, Deen, Quillian and Joslin, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. Since the passage of the Declaratory Judgments Act relief may be sought at law to avoid a multiplicity of suits where there was no provision therefor even in equity where an insufficient "nexus" was alleged to avoid a multiplicity of suits. If the cross action in this case had been filed by the defendant as an original declaratory judgment action it would have been a good action, with all parties made by the original suit. Here, the only obstacle *at law* is the inability of the *defendant* to make new parties. Since the Lumbermens' cross action would have been a good original action, one of the purposes of which would have been to avoid a multiplicity of suits, and since the litigation is pending in a court exercising full equitable powers, under the circumstances the cross action sufficiently alleges and prays for the exercise of sufficient equitable powers to give the equity side of the court jurisdiction. I think the case should be transferred to the Supreme Court.